Argued and submitted April 17, sentence modified; otherwise affirmed July 19, 1989

STATE OF OREGON,
*Respondent,*

*v.*

HARVEY GLENN GAITHER,
*Appellant.*

(C 88-03-32671; CA A50148)

776 P2d 595

Paul Levy, Portland, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant was convicted of giving false information to a police officer. ORS 162.385. He contends on appeal that the trial court imposed a sentence not authorized by law.

On September 30, 1988, defendant appeared before Judge Gallagher for sentencing in Multnomah County case number C 88-05-33446. Judge Gallagher suspended imposition of sentence and placed defendant on five years' probation on this condition, among others:

> "Defendant shall remain in custody until he is accepted to [sic] a drug treatment program. He shall enter and complete a , residential program for up to one year."

Minutes later, defendant appeared in a different courtroom for sentencing in this case, and the court sentenced him to one year in jail, "consecutive to Judge Gallagher's sentence in case number C 88-05-33446."

ORS 137.123 governs the imposition of consecutive sentences. It provides, in relevant part:

> "A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed * * * upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section."

Thus, a sentence can be consecutive only to *another sentence.* In *State v. McClure,* 295 Or 732, 736, 670 P2d 1009 (1983), the Supreme Court, relying on ORS 137.010, distinguished probation from a sentence for the purpose of crediting time served under ORS chapter 137. More recently, that court has held that probation is not a sentence for purposes of ORS chapter 138. *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988); *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989). In the light of those holdings, we must also construe "sentence" in ORS 137.123 to exclude probation. The trial court was not authorized to order the sentence to be served consecutively to the probation period.

Sentence modified by deleting the requirement that it be served consecutively to probation period in Multnomah County case no. C 88-05-33446; otherwise affirmed.