2009 UT 14

**STATE of Utah, Plaintiff and Appellee,**

v.

**Brandon Dominic YAZZIE, Defendant and Appellant.**

**No. 20060525.**

Supreme Court of Utah.

Feb. 17, 2009.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr., Asst. Att'y Gen., Salt Lake City, for plaintiff.

Joan C. Watt, Patrick W. Corum, Salt Lake City, for defendant.

On Certification from the Utah
Court of Appeals

NEHRING, Justice:

## INTRODUCTION

¶ 1 This case comes before us in conjunction with *State v. Anderson*, 2009 UT 13, 203 P.3d 990, which we also decide today. In both cases, we are asked to decide the appropriate occasion for determining concurrent or consecutive sentencing. Additionally, in this case, we are asked to determine whether double jeopardy provisions are violated if a district court judge corrects an illegal sentence or an illegally imposed sentence. We hold that in this case Judge Sheila McCleve was the appropriate judge to determine consecutive sentencing for the defendant. We recognize, however, that Judge McCleve's original sentence was illegal because it did not follow the statutory provisions requiring concurrent or consecutive sentencing determinations to be made at the time of final judgment. Judge McCleve's later correction of the sentence was an appropriate remedy and did not violate double jeopardy provisions.

## BACKGROUND

¶ 2 On March 24, 2003, Defendant Brandon Dominic Yazzie pled guilty to two counts of forcible sexual abuse, both second degree felonies. Judge Dennis Fuchs imposed a sentence of two consecutive terms of one to fifteen years. The prison terms were then suspended, and Mr. Yazzie was placed on probation for thirty-six months.

¶ 3 Two years later, Mr. Yazzie was convicted of two third degree felonies, one for criminal mischief and one for burglary. Judge McCleve sentenced Mr. Yazzie to two consecutive indeterminate prison terms not to exceed five years each. The prison terms imposed by Judge McCleve were then sus-

pended, and Mr. Yazzie was ordered to serve 365 days in jail and be on probation for thirty-six months. Judge McCleve made no mention in the sentencing order of whether the prison terms were to run concurrent with or consecutive to the sentence imposed by Judge Fuchs.[1] Information about Mr. Yazzie's previous conviction was available to Judge McCleve in the presentence report produced by Adult Probation and Parole. In fact, Adult Probation and Parole recommended that Judge McCleve should order probation to run concurrently with the probation ordered by Judge Fuchs but that the prison terms should run consecutively. The same day that Judge McCleve placed Mr. Yazzie on probation, Judge Fuchs held a disposition hearing in which he revoked and restarted Mr. Yazzie's probation.

¶ 4 After Mr. Yazzie was released from jail, he failed to report to Adult Probation and Parole and, two months later, was arrested after an altercation with a police officer. Judge Fuchs again revoked Mr. Yazzie's probation and executed the previously imposed prison sentence of two consecutive terms of one to fifteen years. A week later, Judge McCleve revoked Mr. Yazzie's probation with her court and executed the two indeterminate terms of not to exceed five years each. This time, however, Judge McCleve ordered the sentence executed by her to run consecutive to the sentence executed by Judge Fuchs. Mr. Yazzie objected to this change in sentencing, but because Judge McCleve believed that there was a presumption of consecutive sentencing, she overruled the objection. She also based her decision to overrule Mr. Yazzie's objection on the foundation that she did not know of Mr. Yazzie's prior conviction or violation.

¶ 5 Mr. Yazzie argues on appeal that Judge McCleve overstepped the authority given her in Utah Code sections 76–3–401(1) and 77–18–1(12)(e)(iii) when, at the probation revocation hearing, she included a requirement that the original sentence executed by her run consecutively to the sentence previously executed by Judge Fuchs. The court of appeals certified this case to us pursuant to rule 43 of the Utah Rules of Appellate Procedure. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(b) (2008).

## STANDARD OF REVIEW

¶ 6 Sentencing decisions are generally reviewed under an abuse of discretion standard. *State v. Perez*, 2002 UT App 211, ¶ 25, 52 P.3d 451. The underlying issue here, however, is one of statutory interpretation, which we review for correctness, affording no deference to a lower court's legal conclusions. *Sill v. Hart*, 2007 UT 45, ¶ 5, 162 P.3d 1099.

## ANALYSIS

¶ 7 The issue before us is whether a district court can, following revocation of probation, resentence a defendant to require that previously imposed sentences be served consecutively. Mr. Yazzie first argues that when a district court revokes probation, it may execute only the previously suspended sentences. Mr. Yazzie then argues that by making the consecutive sentencing determination at the probation revocation hearing, Judge McCleve violated constitutional and statutory protections against double jeopardy.

¶ 8 In *State v. Anderson*, 2009 UT 13, 203 P.3d 990, an opinion that is released today and is a companion to this case, we held that determinations of concurrent or consecutive sentencing are to be made at the time of final judgment.[2] In *Anderson*, however, we did

---

1. While the Utah consecutive sentencing statute included a presumption of concurrent sentencing, that presumption was repealed in 2002. Consecutive Sentencing, ch. 129, § 1, 2002 Utah Laws 419.

2. Under Utah Code section 76–3–401(1), the district court when imposing concurrent or consecutive sentences must state its determination "on the record and ... indicate [the determination] in the order of judgment and commitment." By

requiring concurrent or consecutive sentencing determinations to be made at the time of the final judgment, a defendant also receives finality of judgment and can then appeal if he chooses to do so. *See State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 ("In a criminal case, it is *the sentence itself* which constitutes a final judgment from which [the] appellant has the right to appeal." (emphasis in original) (internal quotation marks omitted)).

not reach the issue of double jeopardy that is presented here. We disagree with Mr. Yazzie that double jeopardy is implicated when a judge in the same position as Judge McCleve makes a concurrent or consecutive sentencing determination after revoking probation. Rather, when the determination is not made at final judgment, the original sentence is illegal. Because a judge always retains the jurisdiction to correct an illegal sentence, the determination of concurrent or consecutive sentencing at a later time is not a violation of double jeopardy provisions. In this case, Judge McCleve simply corrected a previously illegal sentence and therefore double jeopardy does not apply.

## I. CONCURRENT OR CONSECUTIVE SENTENCING DETERMINATIONS ARE TO BE MADE AT THE TIME OF FINAL JUDGMENT

■ ¶ 9 Judge McCleve should have made the determination to run Mr. Yazzie's sentence consecutive to the sentence imposed by Judge Fuchs at the time she entered final judgment. In *State v. Anderson*, we held that under Utah Code section 76–3–401(1) determinations of concurrent or consecutive sentencing are to be made at the time of final judgment for both simultaneously imposed sentences and sentences currently being served. 2009 UT 13, ¶ 27, 203 P.3d 990. We also held that "probation is a sentence" and is applicable when determining whether a sentence should run concurrently with or consecutively to " 'any other sentences the defendant is already serving.' " *Id.* ¶ 21 (quoting Utah Code Ann. § 76–3–401(1)(b) (2008)).[3]

¶ 10 In light of these holdings, it is appropriate that Judge Fuchs did not make any concurrent or consecutive sentencing determinations, as he could not look to later crimes when he executed the previously suspended prison sentences. It was also appropriate that Judge McCleve made the determination to run consecutively the sentence she imposed with the sentence imposed by Judge Fuchs. A problem arose, however, when Judge McCleve made that determination at the probation revocation hearing rather than at the time of final judgment.

¶ 11 Final judgment is the appropriate time to determine concurrent or consecutive sentencing because, at that time, judges have before them all the information they need about the defendant. Section 76–3–401(2) states that "[i]n determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2). To help the judge make this determination, a presentence report, which contains the required information, may be ordered.

¶ 12 In this case, Judge McCleve had a presentence report prepared by Adult Probation and Parole. The report discussed Mr. Yazzie's previous crimes and even recommended that Judge McCleve should order probation to run concurrently with the probation ordered by Judge Fuchs but that the prison sentences should run consecutively. When issuing her final judgment, however, Judge McCleve made no mention of the sentence imposed by Judge Fuchs or whether the sentences should be concurrent or consecutive. As a result, the sentence originally imposed by Judge McCleve was illegal because it did not comply with the statutory requirement to determine concurrent or consecutive sentencing at the time of final judgment.

## II. BECAUSE AN ILLEGAL SENTENCE CAN BE CORRECTED AT ANY TIME WITHOUT VIOLATING DOUBLE JEOPARDY, JUDGE MCCLEVE'S LATER DETERMINATION OF CONSECUTIVE SENTENCING CORRECTED HER EARLIER ILLEGAL SENTENCE

■ ¶ 13 A district court does not violate a defendant's right to double jeopardy when it corrects an illegally imposed sentence. A "court may correct an illegal sentence, or a sentence imposed in an illegal

3. The legislature amended Title 76 of the Utah Code in 2008. Because there were no substantive changes made to section 76–3–401, we cite to the 2008 version.

manner, at any time." Utah R.Crim. P. 22(e). We have never explicitly defined an illegal sentence, though we have given examples.[4] The Court of Appeals for the Tenth Circuit, however, has promulgated a definition that we find appropriate.

> [An illegal sentence is] one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.

*United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir.1997) (internal quotation marks omitted).

■■■ ¶ 14 In adopting this definition, we pause to reiterate a caution we previously stated in *State v. Samora*, 2004 UT 79, 99 P.3d 858. In *Samora*, we affirmed the court of appeals' vacation of a harsher sentence that was imposed after the original sentence was found to be illegal due to infringement of the defendant's rights. *Id.* ¶ 1. The state argued that constitutional and statutory protections that prevent the imposition of harsher sentences were inapplicable to a defendant who has his sentence vacated pursuant to rule 22(e). *Id.* We disagreed and stated that " 'there may be circumstances under which even a corrected illegal sentence may be fundamentally unfair, [and] thus violative of due process.' " *Id.* ¶ 20 (quoting *State v. Babbel*, 813 P.2d 86, 88 (Utah 1991) (alterations in original)). We concluded that "there are instances where an 'illegal sentence' or a 'sentence imposed in an illegal manner' may present ... [a] chilling effect on a defendant's basic right to appeal and the potential for vindictiveness at resentencing." *Id.* ¶ 25. Thus, when a district court corrects an illegal sentence, it must avoid any actions that may have a real, rather than very speculative, "chilling effect on the constitutional right to appeal." *Id.* ¶ 21 (internal quotation marks omitted). Nor may vindictiveness play a part in a new sentence that a defendant receives after successfully challenging an ille-

gal sentence. *Babbel*, 813 P.2d at 87; *see also Alabama v. Smith*, 490 U.S. 794, 798, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) ("Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." (internal quotation marks omitted)).

■■■ ¶ 15 If a judge corrects an illegal sentence and there is no chilling effect and no evidence of vindictiveness, then double jeopardy provisions are not violated. In *Babbel*, we vacated the defendant's original sentences "because they did not conform to the statutory punishments for the offenses for which he was convicted." 813 P.2d at 86. When harsher sentences that were in line with statutory requirements were imposed, the defendant again appealed. *Id.* at 87. He argued that the new sentences violated (1) Utah statutory prohibitions against harsher sentences being imposed after a direct review or collateral attack and (2) double jeopardy clauses of the state and federal constitutions. *Id.* We held that while we had vacated the original sentences, we had "simply recognized in effect the clear power of the trial court to correct an illegal sentence, irrespective of [an] appeal." *Id.* at 88. We also held that "[t]he law is well established that the double jeopardy clause does not prohibit the correction of an inadvertently illegally imposed sentence." *Id.*

¶ 16 In reviewing this case, we find that Judge McCleve did not follow the statutory requirement of section 76–3–401(1) to "indicate in the order of judgment and commitment ... if the sentences before the court are to run concurrently or consecutively with any other sentences the defendant is already serving." Utah Code Ann. § 76–3–401(1) (2008). As a result, she "omit[ted] a term required to be imposed by statute." *Dougherty*, 106 F.3d at 1515. Mr. Yazzie's original sentence was therefore illegal.

■■■ ¶ 17 As a rule, illegal sentences are void and neither create rights nor impair

---

**4.** In *State v. Telford*, we noted that "rule 22(e) [might] be employed to correct a sentence under circumstances where the sentencing court had no jurisdiction, or to correct a sentence beyond the authorized statutory range." 2002 UT 51, ¶ 5 n. 1, 48 P.3d 228.

or affect any rights. *Babbel,* 813 P.2d at 88; *see also State v. Lee Lim,* 79 Utah 68, 7 P.2d 825, 827 (1932). Additionally, because a sentence is illegal, the jurisdiction of the district court continues until a valid sentence is imposed. *Babbel,* 813 P.2d at 88. As a result, the district court can correct the sentence at any time, which includes before, after, "and even if there is no appeal." *Id.* Judge McCleve's later determination, in effect, corrected the illegally imposed sentence.

■ ¶ 18 Based on our analysis in *Anderson,* Judge McCleve was the correct judge to determine concurrent or consecutive sentencing and therefore her later correction of the original omission is in line with statutory and legal allowances for correcting illegal sentences. Double jeopardy is therefore not violated when a judge merely corrects an "inadvertently illegally imposed sentence." *Id.; see also Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947) ("This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.'" (quoting *In re Bonner,* 151 U.S. 242, 260, 14 S.Ct. 323, 38 L.Ed. 149 (1894))).

## CONCLUSION

¶ 19 In conclusion, we hold that determinations of concurrent or consecutive sentencing are to be made at the time of final judgment. If such a determination is not made at that time, the sentence is illegal because it does not comply with statutory requirements. The sentence is therefore void, and the district court judge retains jurisdiction to correct the sentence at any time. As a result, the correction of an illegal sentence or an illegally imposed sentence does not violate double jeopardy provisions. We therefore affirm Mr. Yazzie's conviction and Judge McCleve's consecutive sentencing determination.

¶ 20 Associate Chief Justice DURRANT and Justice PARRISH concur in Justice NEHRING'S opinion.

DURHAM, Chief Justice, concurring:

¶ 21 For the same reasons I articulated in *State v. Anderson,* 2009 UT 13, ¶¶ 29–38, 203 P.3d 990 a companion case also decided today, I concur but write separately because I do not believe that Judge McCleve imposed an illegal sentence on Mr. Yazzie within the statutory framework or the legislative intent. The statute provides:

> A court shall determine, if a defendant has been adjudged guilty of more than one felony offense, whether to impose concurrent or consecutive sentences for the offenses. The court shall state on the record and shall indicate in the order of judgment and commitment: ... if the sentences before the court are to run concurrently or consecutively with any other sentences the defendant is already serving.

Utah Code Ann. § 76–3–401(1)(b) (2008). I concluded in *Anderson:*

> [T]he first court to execute a prison sentence for a defendant who is already incarcerated is the court that should determine whether its sentence is to run concurrent with or consecutive to the prison sentence already being served. In other words, where a defendant who, while on probation supervised by court A, commits another crime for which court B sentences him to prison, it should be court A that determines, when revoking probation, that the prison sentence thus executed will run consecutively to or concurrently with the prison sentence the defendant is already serving.

2009 UT 13, ¶ 30, 203 P.3d 990. Probation is "an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions." Utah Code Ann. § 77–27–1(10). Because probation is not a sentence that a defendant is already serving, the decision whether a sentence should be imposed consecutively or concurrently cannot be made until an already-incarcerated defendant is being sent to prison.

¶ 22 As I explained in *Anderson,* policy reasons also support this reading. 2009 UT 13, ¶¶ 31–38, 203 P.3d 990. Utah Code section 76–3–401(2) provides that "the court shall consider the gravity and circumstances

of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant" in determining whether sentences should run consecutively or concurrently. The judge determining sentencing should be the judge with the most information about the defendant. The judge who has the benefit of the entire record, including probation revocation hearings and sentencing hearings, and knows the defendant has been incarcerated and not just had probation revoked and reinstated, is the proper judge to decide concurrent or consecutive sentencing.

¶ 23 Judge McCleve made this determination at the proper time. Both Judge Fuchs and Judge McCleve had suspended prison sentences to allow Mr. Yazzie to meet probationary conditions. After it was determined that Mr. Yazzie violated his probation, Judge Fuchs first ordered Mr. Yazzie to prison. Mr. Yazzie then appeared before Judge McCleve, who properly determined whether the prison sentence Mr. Yazzie would serve should run concurrently with or consecutively to the prison sentence he was already serving pursuant to the sentence imposed by Judge Fuchs. In this case, Judge McCleve had the benefit of the entire record, including the reasons why Mr. Yazzie violated probation, and the matters contained in Judge Fuchs's sentencing hearing, in making the consecutive/concurrent determination. Although the majority points out that at the time Judge McCleve ordered Mr. Yazzie to serve probation she had received an Adult Probation and Parole presentence report discussing Mr. Yazzie's previous crimes and recommending probation run concurrently but prison sentences run consecutively, Judge McCleve did not necessarily know whether Mr. Yazzie would be ordered to serve a prison sentence. At the time Mr. Yazzie first appeared before Judge McCleve, Mr. Yazzie was already on probation ordered by Judge Fuchs. Judge Fuchs did not send Mr. Yazzie to prison for allegedly committing another crime, but revoked and reinstated probation. It is impossible to predict whether district judges will revoke and reinstate probation or order a defendant to prison, for what reasons defendants will violate probation, what changing circumstances will affect defendants' status, or what extenuating circumstances will arise affecting the consecutive or concurrent determination. The legislature may have revoked the presumption that, absent a court order to the contrary, multiple sentences are to be served concurrently for that very reason; it may have wanted the courts to make the consecutive/concurrent determination from all the information available in every case.

¶ 24 As I stated in *Anderson*, there is precedent for the positions of both the majority and this concurring opinion. It would be helpful for the legislature to revisit the statutes to clarify whether probation is a sentence already being served within the meaning of Utah Code section 76–3–401(1)(b) and at what time the determination of concurrent or consecutive sentencing should be made.

¶ 25 Justice WILKINS concurs in Chief Justice DURHAM'S opinion.