2009 UT 13

**STATE of Utah, Plaintiff and Respondent,**

v.

**David Scott ANDERSON, Defendant and Petitioner.**

No. 20070328.

Supreme Court of Utah.

Feb. 17, 2009.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr., Matthew D. Bates, Asst. Att'ys Gen., Salt Lake City, for plaintiff.

Joan C. Watt, Debra M. Nelson, C. Bevan Corry, Salt Lake City, for defendant.

NEHRING, Justice:

## INTRODUCTION

¶ 1 In this case, we consider whether the court of appeals correctly construed Utah Code section 76–3–401,[1] which governs the imposition of concurrent or consecutive sentences. David Scott Anderson, the defendant in this case, pled guilty to theft. A district court judge placed Mr. Anderson on probation, staying the prison sentence of zero to five years. A year later, after being convicted of two counts of aggravated robbery while on probation, a second judge sentenced Mr. Anderson to two concurrent indeterminate terms of not less than six years. This judge did not address Mr. Anderson's earlier theft sentence. Later, a third judge, who had replaced the first judge who imposed Mr. Anderson's theft sentence, revoked Mr. Anderson's probation for theft and committed him to prison. The third judge determined that the prison commitment for the theft sentence was to run consecutively to the prison commitment for the aggravated robberies, which Mr. Anderson was then serving. Mr. Anderson appealed.

He claimed that the third judge lacked the authority to impose a consecutive sentence because such a determination was not authorized by law. Mr. Anderson contended further that the second judge who sentenced him for his robbery offenses was the only judge who had the authority to decide whether to impose concurrent or consecutive sentences relating to the earlier theft conviction. The court of appeals found no error in the sentencing and affirmed. We reverse the court of appeals' decision and vacate Mr. Anderson's consecutive sentence as ordered by the third judge.

## BACKGROUND

¶ 2 On December 4, 2003, David Scott Anderson pled guilty to one third degree felony count of theft. The district court judge imposed a sentence under Utah's indeterminate sentencing of zero to five years in prison. The judge suspended the prison commitment and placed Mr. Anderson on probation for eighteen months.

¶ 3 Several months later while on probation for theft, Mr. Anderson pled guilty to two first degree felony counts of aggravated robbery. A second judge sentenced Mr. Anderson to two indeterminate terms of not less than six years in prison on each count. The second judge ordered the sentences to run concurrent with one another but made no mention of whether these sentences would run concurrent or consecutive to Mr. Anderson's earlier theft sentence.

¶ 4 During this time, Adult Probation and Parole filed an affidavit and an Order to Show Cause with a third judge, who had replaced the first judge who had sentenced Mr. Anderson for theft, which stated that Mr. Anderson's probation should be revoked. The affidavit averred that Mr. Anderson had been convicted of two first degree felony counts of aggravated robbery and would soon be sentenced for those offenses. Several months after the second judge sentenced Mr. Anderson for his crimes of aggravated robbery, the third judge revoked Mr. Anderson's probation and executed the suspended sen-

---

1. The legislature amended Title 76 of the Utah Code in 2008. Because there were no substan- tive changes made to section 76–3–401, we cite to the 2008 version.

tence of zero to five years in prison. The third judge also ordered that the executed theft sentence run consecutive to the aggravated robbery sentences. Mr. Anderson challenged this ruling on appeal.

¶ 5 A divided panel of the court of appeals affirmed. *State v. Anderson*, 2007 UT App 68, ¶¶ 15–16, 157 P.3d 809. The court of appeals' majority held that the term "served," as used in Utah Code section 76–3–401, described the authority of a court to impose concurrent or consecutive sentences for a defendant who at the time of sentencing is "already serving" a sentence. *Id.* ¶ 9. The majority held that "served means incarcerated" and that a defendant who is on probation at the time of being sentenced for a new offense is not serving a sentence for the earlier crime. *Id.* ¶ 7. The court of appeals further held, "Reading the statute as a whole, we conclude that section 76–3–401(1)(b) does not authorize a court to order a sentence concurrent or consecutive to another sentence that has not yet been both imposed and executed." *Id.* ¶ 11. We granted certiorari review pursuant to our jurisdiction under Utah Code section 78A–3–102(5) (2008).[2]

## STANDARD OF REVIEW

¶ 6 "On certiorari, we review the decision of the court of appeals and not that of the district court." *State v. Brake*, 2004 UT 95, ¶ 11, 103 P.3d 699. Because the issue before us is purely one of statutory interpretation, "[w]e conduct [our] review for correctness, ceding no deference to the court of appeals." *Id.* In our review of the court of appeals' decision, we examine the standard of review it applied to the district court's ruling. *Id.* The court of appeals appropriately used the correctness standard when it reviewed the underlying issue of statutory interpretation. *State v. Anderson*, 2007 UT App 68, ¶ 4, 157 P.3d 809.

## ANALYSIS

¶ 7 The majority of the court of appeals held that probation does not fall within the definition of a sentence being served as meant by the phrase " 'any other sentences the defendant is already serving.' " *State v. Anderson*, 2007 UT App 68, ¶ 15, 157 P.3d 809 (quoting Utah Code Ann. § 76–3–401(1)(b) (2003)). Under the court of appeals' interpretation, a judge sentencing a defendant cannot determine consecutive or concurrent sentencing in relation to a suspended sentence for which the defendant is currently serving probation. In contrast, we find that a clear statutory mandate limits the authority of a judge, who placed a defendant on probation after suspension of a prison sentence, to execute only the suspended sentence upon revocation of the defendant's probation. *See* Utah Code Ann. § 77–18–1(12)(e)(iii) (2008).[3] That judge does not have the authority to make a later concurrent or consecutive ruling. *Salt Lake City v. Jaramillo*, 2007 UT App 32, ¶ 16, 156 P.3d 839.

¶ 8 We agree with the dissenting judge of the court of appeals and hold that probation is a sentence that a defendant serves as used in section 76–3–401(1)(b).

## I. THE THIRD JUDGE DID NOT HAVE THE AUTHORITY TO MAKE A CONSECUTIVE OR CONCURRENT SENTENCING DETERMINATION

¶ 9 The determination to run Mr. Anderson's previously suspended theft sentence consecutive to the sentences imposed and executed by the second judge was beyond the third judge's authority. Once probation has been revoked, a district court judge has the authority to execute only the previously imposed sentence. Utah Code Ann. § 77–18–1(12)(e)(iii) (2008) ("If probation is revoked, . . . the sentence previously imposed shall be executed."); *see also Salt*

---

2. The legislature renumbered Utah Code section 78A–3–102 in 2008. This section was previously numbered as 78–2–2. No substantive changes were made, and we therefore cite to the newly renumbered section.

3. The legislature amended section 77–18–1 in 2008. The subsections referenced in this opinion, however, remain unchanged from the 2003 version in effect during the time Mr. Anderson committed his crimes. We therefore cite to the 2008 version.

*Lake City v. Jaramillo,* 2007 UT App 32, ¶ 12, 156 P.3d 839 ("[O]nce a defendant is sentenced and placed on probation, revocation of probation can result only in the sentence previously imposed [being] executed." (second alteration in original) (internal quotation marks omitted)). After revoking Mr. Anderson's probation, the third judge had jurisdiction to execute only the previously imposed sentence of zero to five years. *See* Utah Code Ann. § 77–18–1(2)(b)(iii), (12)(e)(iii).

¶ 10 The third judge overstepped his authority when he determined that the sentence for theft was to run consecutively to the sentences for the two counts of aggravated robbery. In view of this clear limited grant of authority, we are puzzled by the court of appeals' pronouncement that "the circumstances presented to Judge Reese [the third judge] *required* him to make the concurrent/consecutive determination at the probation revocation hearing in which he sought to impose and execute the previously suspended sentence." *State v. Anderson,* 2007 UT App 68, ¶ 14, 157 P.3d 809 (emphasis added). Whether the third judge *could* make the concurrent or consecutive determination is a question that at least merits debate. That the third judge was *required* to make that determination merits no discussion. He was not. The *only* authority that the third judge possessed was to execute the first judge's sentence. Utah Code Ann. § 77–18–1(12)(e)(iii). The court of appeals held in *Jaramillo* that the concurrent or consecutive determination cannot be made for the first time at a probation revocation hearing. 2007 UT App 32, ¶ 16, 156 P.3d 839. In *Jaramillo,* the court of appeals analyzed when the determination of concurrent or consecutive sentencing should be made. *Id.* ¶ 13. The court inquired "whether the determination of concurrent or consecutive terms of incarceration is a function of the

sentence itself, which must be imposed prior to probation, or is merely a function of the execution of the sentence." *Id.*

¶ 11 The *Jaramillo* court was faced with the issue of a district court judge imposing consecutive sentencing for simultaneously imposed sentences at the time of probation revocation. The court held that under section 76–3–401(1) "the determination of whether two simultaneously imposed sentences are to be served concurrently or consecutively is to be made at the time of sentencing, and may not be made for the first time upon the revocation of probation." *Id.* ¶ 16. We agree with this holding and hold that section 76–3–401(1) applies not only to simultaneously imposed sentences but also to "sentences the defendant is already serving," Utah Code Ann. § 76–3–401(1)(b).[4]

¶ 12 Because Mr. Anderson was convicted for only one count of theft, there was no need for the first judge to make a concurrent or consecutive sentencing determination when he imposed the sentence. The third judge, therefore, was limited to executing only the previously imposed sentence. It is inappropriate for a judge to make a concurrent or consecutive sentencing determination based on future crimes that were not committed at the time the sentence was imposed.

## II. THE SECOND JUDGE WHO SENTENCED MR. ANDERSON FOR HIS AGGRAVATED ROBBERY CONVICTIONS WAS THE ONLY JUDGE WITH STATUTORY AUTHORITY TO DETERMINE CONCURRENT OR CONSECUTIVE SENTENCING FOR THE PREVIOUSLY IMPOSED THEFT SENTENCE

¶ 13 Pursuant to Utah Code section 76–3–401(1) (2008), the decision whether sen-

---

4. We recognize that the court of appeals in this case attempted to differentiate section 76–3–401(1)(a), which deals with simultaneously imposed sentences, from section 76–3–401(1)(b), which deals with previously imposed sentences. The court of appeals held that under subsection (b) determinations of concurrent or consecutive sentencing could be made at a later date rather than being indicated in the final order. The court of appeals was mistaken on this matter. Rather, as was argued by the court of appeals' dissent, both "subsections (a) and (b) are merely descriptive of the circumstances under which the statute may be implicated." *Anderson,* 2007 UT App 68, ¶ 19 n. 1, 157 P.3d 809 (Davis, J., dissenting).

tences are to be served concurrently or consecutively is to be made at the time of final judgment.[5] The legislature has not empowered judges to make this determination at any other time. The second judge, therefore, was in the best position to decide concurrent or consecutive sentencing. We do not agree with the majority of the court of appeals' decision in this case, which held that the third judge was the appropriate judge to determine this issue. *State v. Anderson,* 2007 UT App 68, ¶ 16, 157 P.3d 809. That court reached its decision by interpreting the phrase "any other sentences the defendant is already serving" that appears in section 76–3–401(1)(b) "to exclude ... time spent while on probation [as] consistent with the legislature's use of the verb 'served' throughout the statute." *Id.* ¶ 7 (quoting Utah Code Ann. § 76–3–401(1)(b) (2003)). In contrast, the dissenting judge concluded that "probation is a sentence within the meaning of section 76–3–401(1)(b)[ ] and is still a sentence being served even though that service may occur outside of jail or prison." *Id.* ¶ 22 (Davis, J., dissenting).

¶ 14 For reasons we will speak of shortly, we conclude that probation is a sentence and therefore the second judge had the authority pursuant to section 76–3–401(1) to have considered Mr. Anderson's earlier conviction when determining whether the aggravated robbery sentences ought to be concurrent or consecutive to the theft sentence.

5. Under Utah Code section 76–3–401(1), the district court when imposing concurrent or consecutive sentences must state its determination "on the record and ... indicate [the determination] in the order of judgment and commitment." By requiring concurrent or consecutive sentencing determinations to be made at the time of the final judgment, a defendant also receives finality of judgment and can then appeal if he chooses to do so. *See State v. Bowers,* 2002 UT 100, ¶ 4, 57 P.3d 1065 ("In a criminal case, it is *the sentence itself* which constitutes a final judgment from which [the] appellant has the right to appeal." (emphasis in original) (internal quotation marks omitted)).

6. Utah is not alone in this. Federal law states that a defendant "may be sentenced to a term of probation." 18 U.S.C. § 3561 (2000); *see also United States v. Granderson,* 511 U.S. 39, 43 n. 3, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (noting

## A. Probation Is Both a Sentence and a Court–Appointed Placement After the Suspension of a Harsher Sentence

¶ 15 Probation has two roles under Utah law. It is both a sentence and an alternative sanction to be imposed after the suspension of a harsher sentence. First, since 1973, Utah law has stated that probation is a sentence. Section 76–3–201(2) states that "a court may sentence a person convicted of an offense to ... probation."[6] Utah Code Ann. § 76–3–201(2) (2008).[7] Second, section 77–27–1(10) defines probation as "an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions." *Id.* § 77–27–1(10). Additionally, section 77–18–1(2)(a) states that "the court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation." *Id.* § 77–18–1(2)(a). If a violation of the probationary conditions occurs, the court "may order the probation revoked, modified, continued, or that the entire probation term commence anew." *Id.* § 77–18–1(12)(e)(ii). As discussed above, if a judge revokes probation, she may only execute the previously imposed suspended sentence. *Id.* § 77–18–1(12)(e)(iii).[8] Thus, probation is a sentence in its own right. The more challenging question is whether, in the context of section 76–3–401(1)(b), probation is a sentence that a defendant "serves" or whether a defendant may only "serve" a sentence while in confinement.

how the Sentencing Reform Act of 1984 classified probation as a sentence); *United States v. Mueller,* 463 F.3d 887, 889 (9th Cir.2006) ("[P]robation constitutes a type of sentence in and of itself."). Additionally, *Black's Law Dictionary* defines probation as "a court imposed criminal sentence." 1240 (8th ed.2004).

7. The legislature amended section 76–3–201 in 2008. Subsection (2), however, was unchanged from the 2003 version in effect during the time Mr. Anderson committed his crimes. We therefore cite to the 2008 version.

8. Section 77–18–1(12)(e)(iii) also states that if probation is revoked, the judge may sentence the defendant. This situation would only occur if the defendant had been previously sentenced to probation and there had been no suspension of a prison sentence. This issue, however, is not before us.

## B. Probation Is a Sentence for the Purpose of Interpreting the Phrase "Any Other Sentences the Defendant Is Already Serving"

¶ 16 The court of appeals interpreted Utah Code section 76–3–401(1)(b) to exclude probation based on the view that the legislature used "served" throughout the statute only in reference to incarceration. *See Anderson,* 2007 UT App 68, ¶ 7, 157 P.3d 809. The court of appeals' dissent employed the same principles of statutory construction as the majority, but reached the opposite result. The dissent noted that "when 'reading the language of an act, . . . we seek to render all parts [of the statute] relevant and meaningful, and we therefore presume the legislature use[d] each term advisedly and . . . according to its ordinary meaning.'" *Id.* ¶ 24 (Davis, J., dissenting) (quoting *State v. Bradshaw,* 2004 UT App 298, ¶ 9, 99 P.3d 359 (alterations in the original), *rev'd on other grounds,* 2006 UT 87, 152 P.2d 288). The court of appeals' dissent, however, did not conclude that the ordinary meaning of the term "serving" was limited to incarceration. *Id.* Instead, it concluded that "[i]f the legislature intended section 76–3–401(1)(b) to apply only if a defendant was already imprisoned, it could have easily stated as much." *Id.*

¶ 17 We disagree with the majority's textual analysis of section 76–3–401. The majority concluded that the term "served" consistently and exclusively means "incarcerated" when used in section 76–3–401. The majority makes its case for this proposition with sufficient persuasiveness that it cannot be dismissed out of hand. It is an argument, however, that rejects the premise that probation is a sentence that can be served. Above we have explained why probation is a sentence and why a defendant, whose liberty is constrained by the terms of probation, is serving a sentence. While it is true that when "served" is used in section 76–3–401 the word may be construed to mean incarcerated, its use also suggests that it may include probation. "Serve" or a variation of it appears five times in section 76–3–401. That "served" means "incarcerated" in section 76–3–401(10) is only apparent because of the modifier "actually." Section 76–3–401(10)

states in reference to the thirty-year cap on consecutive sentences, that the cap is intended "only to limit the length of sentences actually served under the commitments." *Id.* Here, "served" obviously means incarcerated. This is made clear by the presence of the modifier "actually." This subsection does not apply to commitments that are not "actually served." This language means that there exists a category in sentences that are "served," but not "actually served." If "actually served" means incarcerated, a sentence that is served but not actually served must mean a sentence that is served by means other than incarceration.

¶ 18 Having demonstrated that section 76–3–401 does not use "serve" in a manner that limits its definition to incarceration, we turn to the second component of the majority opinion's argument: the impracticality of including probation within the definition of sentences a defendant is already serving. We again conclude that the court of appeals' dissent presents the better case when it articulates the practical difficulties created by the majority's interpretation. For example, the court of appeals' dissent correctly points out that

> under the majority's view, a sentence that includes jail time as a condition of probation would implicate section 76–3–401(1)(b), but a sentence of probation with other conditions would not. . . . Thus, under the majority approach, it is difficult to know under just what circumstances section 76–3–401(1)(b) would be implicated: A sentence that includes community service? A sentence of confinement with work release? A sentence of confinement to jail and not the Utah state prison?

*Anderson,* 2007 UT App 68, ¶ 24, 157 P.3d 809 (Davis, J., dissenting).

¶ 19 Moreover, under the majority's interpretation, a defendant who had served jail time as a condition of probation would not be implicated under section 76–3–401(1)(b) because in its view "already serving" means incarcerated at the time the concurrent or consecutive determination is made.

¶ 20 The court of appeals' majority also held that section 76–3–401 would be internally inconsistent if subsection (1)(b) were to

treat suspended sentences as "sentences the defendant is already serving." Utah Code Ann. § 76–3–401(1)(b). The majority opinion does not elaborate on the nature of the supposed inconsistency but rather turns to surmising what language the legislature would have used to communicate a clear intent to include sentences of probation as sentences capable of being "already served." It remains unclear to us how the treatment of probation as a sentence included within the "already serving" language of section 76–3–401(1)(b) renders the rest of section 76–3–401 internally inconsistent, nor how such an inconsistency, if present, would alter the purpose and application of the section.

■ ¶ 21 Thus we hold that probation is a sentence and that it is applicable to the phrase "any other sentences the defendant is already serving" as found in section 76–3–401(1)(b).[9] As a result, the second judge was in the correct position to determine whether the two counts of aggravated robbery for which she sentenced Mr. Anderson were to run concurrently or consecutively to the sentence for theft.

### C. Serving Probation Is a Sufficiently Definite Event for the Commencement of a Consecutive Sentence

¶ 22 The centerpiece of the impracticality of the application component of the majority opinion is the assertion that if a defendant is considered to be serving a suspended sentence, it is impossible to make a rational consecutive sentencing determination because there has not yet been a "sufficiently definite event for commencement of a consecutive order because it was not clear when or if the suspended sentence would be executed." *Anderson*, 2007 UT App 68, ¶ 12, 157 P.3d 809.

¶ 23 The majority relies on *State v. DeChenne*, an Oregon Court of Appeals opinion to support this proposition. 39 Or.App. 901, 594 P.2d 831 (1979). In that case, the defendant was originally sentenced to five years' imprisonment but was placed on probation. *Id.* at 832. Six months later, he was sentenced in a different county to eight years' incarceration for a separate charge. *Id.* The second court ordered the eight-year sentence to run consecutive to the five-year sentence for which the defendant was serving probation. *Id.* On appeal, the court of appeals held that there was no "definite event for commencement of the consecutive sentence in order that the Corrections Division may implement [the consecutive] sentence." *Id.* at 832. In other words, because the defendant was still on probation with the first court and the sentence had not yet been executed, there was nothing for the second sentence to be consecutive to. Years later, the Oregon Court of Appeals held that probation is not a sentence for the purpose of concurrent or consecutive determinations. *State v. Gaither*, 97 Or.App. 576, 776 P.2d 595, 596 (1989). As we held above, however, in Utah probation is a sentence for the purposes of concurrent or consecutive determinations. We therefore adopt a definition of "serve" that is at odds with the Oregon definition of probation.

¶ 24 Idaho, on the other hand, agrees with our position concerning concurrent or consecutive sentencing. In *State v. Cisneros–Gonzalez*, 141 Idaho 494, 112 P.3d 782 (2004), and *State v. Calley*, 140 Idaho 663, 99 P.3d 616 (2004), the Idaho Supreme Court held that a trial court "had the authority to impose a sentence of incarceration to be served separately from a sentence of incarceration that had been pronounced, but suspended, in a [separate court] case." *Cisneros–Gonzalez*, 112 P.3d at 784.

9. We mention only briefly the State's argument that once a probation violation report is filed, the defendant is no longer on probation. The State bases this argument on section 77–18–1(11)(b) which states that "[t]he running of the probation period is tolled upon the filing of a violation report...." Utah Code Ann. § 77–18–1(11)(b). The State's argument that a defendant is no longer serving probation or any sentence during this period leads to the illogical result that once a

violation report is filed, the defendant is free of any state constraints. It seems to us that, while the probation period is tolled between the filing of a violation report and the issuance of an order to show cause, the defendant is still subject to the conditions imposed by his probation and hence on probation. The only difference is that the time may or may not count toward completion of his sentence of probation.

¶ 25 Two principles may be extracted by trial judges from our holdings in this case: (1) The concurrent or consecutive sentencing determination must be made at the time of final judgment and not at revocation of probation; and (2) Probation is a sentence for the purposes of section 76–3–401(1) and, therefore, concurrent or consecutive sentencing determinations may be made upon a defendant who is currently on probation. As noted in the court of appeals' dissenting opinion in *Anderson*, the insufficiently definite event problem that caught the attention of the majority and which featured prominently in the Oregon case is largely ephemeral inasmuch as the Board of Pardons has the authority to determine when felons should be released. *See Anderson*, 2007 UT App 68, ¶ 25, 157 P.3d 809 (Davis, J., dissenting). In addition, section 76–3–401(8) sets out the method by which the Board of Pardons must calculate the terms of incarceration for felonies to be served consecutively.

¶ 26 The application of these principles in this case would have resulted in assigning the concurrent or consecutive determination to the second judge who sentenced Mr. Anderson on his robbery convictions. That judge would have had, therefore, reason to acquire information, typically contained in the presentence report, concerning Mr. Anderson's criminal history before sentencing. A presentence report allows a judge, prior to making a concurrent or consecutive sentencing determination, to take into account several factors including "the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2).

## CONCLUSION

¶ 27 In conclusion, we hold that a judge must impose concurrent or consecutive sentencing determinations at the time of final judgment and not at the revocation of probation. A judge who revokes a defendant's probation is limited by law to executing the original sentence and does not have the authority to rule on whether sentences should be concurrent or consecutive. Additionally, we hold that probation is a sentence being served as used in section 76–3–401 for the purposes of determining concurrent or con-

secutive sentencing. We reverse the court of appeals' decision and vacate Mr. Anderson's consecutive sentence as ordered by the third judge, Judge Reese. Because this case comes to us from a writ of certiorari, reviewing an appeal of Judge Reese's ruling and not the second judge, there is no authority to remand the case to the second judge for a determination of concurrent or consecutive sentencing. We note, however, that based on our opinion in *State v. Yazzie*, 2009 UT 14, 203 P.3d 984, a companion to this case that is also released today, the second judge's ruling is illegal because it did not follow the statutory requirement of Utah Code section 76–3–401(1) to impose concurrent or consecutive sentencing determinations at judgment. As we stated in *Yazzie*, an illegal sentence may be corrected at any time. *Id.* ¶ 19. We would therefore urge the second judge to correct the error by making the concurrent or consecutive determination.

¶ 28 Associate Chief Justice DURRANT and Justice PARRISH concur in Justice NEHRING'S opinion.

DURHAM, Chief Justice, dissenting:

¶ 29 I respectfully dissent. I believe that another statutory interpretation reflects both the intent of the legislature when it revoked the default presumption in consecutive/concurrent sentencing, and the true nature of probation.

¶ 30 I depart from the majority in its determination that probation constitutes a "sentence" being served within the meaning of the relevant statutes. Therefore, I conclude that the first court to execute a prison sentence for a defendant who is already incarcerated is the court that should determine whether its sentence is to run concurrent with or consecutive to the prison sentence already being served. In other words, where a defendant who, while on probation supervised by court A, commits another crime for which court B sentences him to prison, it should be court A that determines, when revoking probation, that the prison sentence thus executed will run consecutively to or concurrently with the prison sentence the defendant is already serving.

¶ 31 This rule is the better-reasoned approach in my view because it is more consistent with the relevant statutory provisions relating to concurrent/consecutive sentencing and probation, and more adequately addresses policy and implementation concerns.

¶ 32 Utah Code section 76–3–401(1)(b) (2008) provides,

A court shall determine, if a defendant has been adjudged guilty of more than one felony offense, whether to impose concurrent or consecutive sentences for the offenses. The court shall state on the record and shall indicate in the order of judgment and commitment: . . . if the sentences before the court are to run concurrently or consecutively with any other sentences the defendant is already serving.

In the context of this statute, "already serving" means a defendant who is serving a prison sentence and not a defendant who is on probation. Probation is defined in the statutes as *"an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions."* Utah Code Ann. § 77–27–1(10) (emphasis added). Probation is not a sentence that a defendant is already serving. The continuing jurisdiction of trial courts over defendants on probation supports this view. "The court has continuing jurisdiction over all probationers," Utah Code Ann. § 77–18–1(2)(b)(iii), and only loses jurisdiction over defendants when they are sentenced to prison. *See State v. Anderson,* 789 P.2d 27, 32 (Utah 1990) (Durham, C.J., concurring in the result) ("The trial court loses all jurisdiction over persons sentenced to prison."). Section 76–3–401(1)(b) makes clear, I believe, that the concurrent or consecutive determination should be made at the time an already-incarcerated defendant is being sent to prison by another court.

¶ 33 This interpretation is also consistent with the policy set forth in section 76–3–401(2):

In determining whether state offenses are to run concurrently or consecutively, the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant.

The court that is considering executing a sentence previously imposed on an already-incarcerated defendant who has violated a probation order is the court with the most information regarding "the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76–3–401(2). That and other information will be available in the defendant's record and Adult Probation and Parole reports, concerning all subsequent charges and sentences.

¶ 34 The majority's opinion limits a district court's ability, when deciding to revoke probation and send a defendant to prison, to fully consider the defendant's character, history, and rehabilitative efforts. It requires a less-informed district court that is sentencing on new charges, without the benefit of the probation revocation hearing and decision, to determine the practical effects of a defendant's sentence. This will essentially require one district court to speculate about another district court's potential actions in the probation review process.

¶ 35 In this case, the record does not show what information, if any, the court first incarcerating the defendant (in this case Judge Atherton) had regarding the history of Anderson's probation related to his previous conviction. I can foresee a scenario (although one hopes it would not occur) where a court disposing of new charges might even be unaware that a defendant is serving probation in another case when that court sentences the defendant to prison. In such a case, after the probationary court revokes probation and also sends the defendant to prison, the Board of Pardons would be required to request clarification from the court that was unaware of the defendant's prior crimes. *See* Utah Code Ann. § 76–3–401(4). In contrast, it is not at all likely that a court considering probation revocation for an already-incarcerated defendant would be unaware of a defendant's current incarceration and the reasons for it.

¶ 36 The majority's opinion is based in part on the language in Utah Code section 76–3–201(2)(c) that "a court may sentence a person convicted of an offense . . . to probation." Despite this provision, I am aware of no

felony anywhere in the Utah Code that is punishable by probation; thus, the notion of probation as a "sentence" seems to me to be a stretch. I believe the more consistent statutory approach is to treat probation as "an act of grace by the court," as it is specifically defined in the law, and not as a sentence. Utah Code Ann. § 77–27–1(10).

¶ 37 There is precedent for both the majority's and this dissent's approaches to concurrent and consecutive sentencing. The court of appeals has in the past embraced both approaches. *Compare Bird v. State,* 2000 UT App 209U, 2000 WL 33244128 (permitting the majority's approach) *with State v. Workman,* 2007 UT App 199U, 2007 WL 1649679 (permitting the dissent's approach). It would be helpful for the legislature to clarify Utah Code section 76–3–401 to address this issue. The decision in *Bird* illustrates the way in which the majority's approach requires a court to deal with a future, hypothetical action by another court. *See Bird v. State,* 2000 UT App 209U, para. 2, 2000 WL 33244128, at *1 ("[One judge] ordered the [sentence] terms to run consecutively to each other and to any [potential] sentence imposed by [the other judge] following probation revocation.").

¶ 38 I would affirm the court of appeals' decision in this case. The court that executes a prison sentence for a defendant who is already incarcerated should be the court to determine whether its sentence is to run concurrent with or consecutive to the previously executed sentence. That court is likely to have the most knowledge of the defendant and is in the best position to clarify for the Board of Pardons and Parole whether a sentence should run consecutively or concurrently. However, as is demonstrated by this case, the current statutory provisions support inconsistent interpretations. I would encourage the legislature to revisit Utah Code section 76–3–401 to clarify whether probation is intended to qualify as a "sentence already being served" within the meaning of subsection (1), and, when two or more trial courts have sentenced an individual, which of them should decide whether those sentences should run concurrent with or consecutive to one another.

¶ 39 Justice WILKINS concurs in Chief Justice DURHAM'S opinion.