2014 UT App 119

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Steven D. THURMAN, Defendant and Appellant.**

**No. 20140257–CA.**

Court of Appeals of Utah.

May 30, 2014.

Steven D. Thurman, Appellant Pro Se.

Sean D. Reyes and Marian Decker, Salt Lake City, for Appellee.

Before Judges GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and Senior Judge PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 Steven D. Thurman appeals the trial court's order denying his motion to correct an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. We affirm.

¶ 2 Rule 22(e) provides that a court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). An illegal sentence is one that "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984. Rule 22(e) "presupposes a valid conviction and therefore cannot be used as a veiled attempt to challenge the underlying conviction by challenging the sentence." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008.

¶ 3 The challenges raised by Thurman are beyond the scope of rule 22(e). He first argues that the first degree felony charge was not warranted by his conduct and, therefore, his sentence is illegal because the conviction is improper. However, rule 22(e) cannot be used to challenge the validity of a conviction.[2] *See id.*

¶ 4 Thurman also argues that the Board of Pardons and Parole exceeded its jurisdiction when it determined that Thurman would serve a natural life term. However, challenges to the Board's decision must be pursued, if at all, under rule 65B of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 65B(a), (d). The Board's decision about the actual term to be served by Thurman is not within the scope of rule 22(e).[3]

¶ 5 Finally, Thurman argues that his sentence is limited to thirty years under Utah Code section 76–3–401(4). However, by its plain language, section 76–3–401 does not apply to Thurman. *See* Utah Code Ann. § 76–3–401(4) (Michie 1991). First, the section governs the calculation of sentences when consecutive sentences for multiple charges are imposed. *Id.* Thurman was not subject to multiple sentences because he pled guilty to a single charge and the other charges were dismissed. Second, the sentence limitation asserted by Thurman does not apply where any sentence imposed authorizes a life term. *Id.* "[T]his [thirty-year] limitation does not apply if an offense for

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Furthermore, Thurman pled guilty to the first degree felony. By pleading guilty, Thurman is deemed to have admitted all of the essential elements of the crime charged. *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046.

3. Although sentencing is a judicial function, under Utah's indeterminate sentencing scheme, the Board fixes the number of years to be served and grants parole within its sole discretion. "[W]hile the courts have the power to sentence, the Board has been given the power to pardon and parole. These are two separate and distinct powers, neither of which invades the province of the other." *Padilla v. Utah Bd. of Pardons and Parole*, 947 P.2d 664, 669 (Utah 1997). Further, even though Thurman's term has been determined to be natural life, under Board rules he may seek a special attention review to request relief if exceptional circumstances arise. *See* Utah Admin. Code R. 671–311–1.

which the defendant is sentenced authorizes ... a maximum sentence of life imprisonment." *Id.* Thurman was sentenced to an indeterminate term of not less than five years and which may be for life. Because Thurman's sentence could be a maximum of life imprisonment, the thirty-year limit does not apply to his sentence.

¶ 6 Affirmed.