**2015 UT App 200**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KIBB VERN JONES,
Appellant.

Per Curiam Decision
No. 20150101-CA
Filed August 13, 2015

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
No. 071501240

Gary G. Kuhlmann and Nicolas D. Turner, Attorneys
for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      Kibb Vern Jones appeals the trial court's denial of his motion to correct an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. We affirm.

¶2      Rule 22(e) states that a court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R. Crim. P. 22(e). An illegal sentence is one that "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984

(citation and internal quotation marks omitted). Rule 22(e) "presupposes a valid conviction and therefore cannot be used as a veiled attempt to challenge the underlying conviction by challenging the sentence." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008 (citation and internal quotation marks omitted).

¶3   This case is before the court on a sua sponte motion for summary disposition on the basis that the appeal does not raise substantial issues meriting further consideration by this court. Jones first asserts that his appeal raises substantial issues regarding compliance with rule 11 of the Utah Rules of Criminal Procedure in the acceptance of a guilty plea. However, the amended judgment and sentence entered on August 13, 2008, states that the jury found Jones guilty of aggravated assault and that the jury also found that Jones was "subject to an enhanced penalty . . . because [he] was aided or encouraged by at least two other persons in committing the offense and was aware that he was so aided and encouraged and each of the other persons was physically present or participated as a party to the offense." Furthermore, even assuming that Jones had entered a guilty plea, rule 22(e) cannot be used "to challenge the underlying conviction by challenging the sentence." *See id.*

¶4   Without stating any factual context for the claim, Jones "contends that State and Federal Constitutional due process protections prohibit the manner in which Utah Code [section] 76-3-203.1 was applied to enhance [his] sentence." In his rule 22(e) motion, Jones argued that he was sentenced under an unconstitutional statute and moved the court to remove the enhancement of his sentence under section 76-3-203.1 and order his immediate release. In *State v. Lopes*, 1999 UT 24, 980 P.2d 191, the Utah Supreme Court held that the "gang enhancement statute creates a new and separate offense and, therefore, the [Utah Criminal] Code requires each element of [the] crime [to] be proved beyond a reasonable doubt." *Id.* ¶ 22. The supreme court further stated that "this determination [cannot] be made by a

judge absent a waiver of the right to a jury trial." *Id.* ¶ 21. The factual issues concerning enhancement of the offense under section 76-3-203.1 in this case were determined by the jury, and the district court sentenced Jones in accordance with the jury's verdict. We reiterate that rule 22(e) is not a means to challenge Jones's conviction of the enhanced offense based upon the jury's verdict.[1]

¶5    To the extent that Jones challenges the role of the Utah Board of Pardons and Parole, those issues as applied to his case, are not within the ambit of rule 22(e) and must be pursed, if at all, under rule 65B of the Utah Rules of Civil Procedure. *See State v. Thurman*, 2014 UT App 119, ¶ 4, 327 P.3d 1240 (per curiam).

¶6    Accordingly, we affirm.

_____

1. The language from *State v. Yazzie*, 2009 UT 14, ¶ 14, 203 P.3d 984, quoted by Jones in his memorandum opposing summary judgment, pertains to a district court's imposition of a new sentence when correcting an illegal sentence and cautions the sentencing court to avoid imposing a sentence that will have a chilling effect on the right to appeal or that evidences vindictiveness. The quoted language does not pertain to any fact situation related to this case.