2002 UT 100

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kevin K. BOWERS, Defendant and Appellant.**

No. 20010140.

Supreme Court of Utah.

Oct. 11, 2002.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Gerald N. Engstrom, Maurice Richards, Randall W. Richards, Ogden, for defendant.

Memorandum Decision and
Order of Dismissal

RUSSON, Justice:

¶ 1 Kevin K. Bowers ("Bowers") appeals his conviction of possession of a controlled substance within a drug-free zone, a first degree felony, in violation of Utah Code Ann. § 58–37–8 (Supp.1999), and possession of drug paraphernalia within a drug-free zone, a class A misdemeanor, in violation of Utah Code Ann. § 58–37a–5 (1998). The State moves for dismissal, asserting that this court lacks jurisdiction to hear Bowers' appeal as his filing of notice of appeal was untimely.

## PROCEDURAL HISTORY AND ANALYSIS

▮▮ ¶ 2 On August 16, 2000, following a 2–day jury trial, Bowers was found guilty of possession of a controlled substance within a drug-free zone and possession of drug paraphernalia within a drug-free zone. On August 24, 2000, Bowers filed a rule 23 motion to arrest judgment under the Utah Rules of Criminal Procedure. Rule 23 reads in relevant part as follows:

> At any time prior to the imposition of sentence, the court upon its own initiative may, or upon motion of a defendant shall, arrest judgment if the facts proved or admitted do not constitute a public offense, or if the defendant is mentally ill, or if there is other good cause for the arrest of judgment.

Utah R.Crim. P. 23. As sentence had yet to be imposed upon Bowers by the trial court, his rule 23 motion was timely. The trial court, however, denied Bowers' motion on September 25, 2000, and asked the State to prepare findings of fact, conclusions of law, and an order to that effect. After entry on December 8, 2000, of the findings of fact, conclusions of law, and an order denying the motion to arrest judgment, Bowers objected to the form of the findings, conclusion, and order. The trial court subsequently ordered that the State amend the findings of fact, conclusions of law, and order, and the amended document denying the motion to arrest judgment was entered on January 16, 2001.

¶ 3 On December 11, 2000, following a 60–day presentencing . evaluation, Bowers was sentenced by the trial court to an indeterminate prison term of five years to life on the first degree felony conviction, with a one-year term on the class A misdemeanor conviction to run concurrently. While sentence was pronounced by the trial court on December 11, 2000, the date of entry was not until December 29, 2000. Accordingly, under rule 4(a) of the Utah Rules of Appellate Procedure, Bowers had 30 days after December 29, 2000, or until January 29, 2001,[1] to file a notice of appeal.

▮ ¶ 4 Bowers argues that the period to file a notice of appeal did not begin to run until January 16, 2001, upon entry of the amended findings of fact, conclusions of law, and order that denied his motion to arrest judgment. He is incorrect. Rule 4(a) of the Utah Rules of Appellate Procedure provides in part that "[i]n a case in which an appeal is permitted ..., the notice of appeal ... shall be filed with the clerk of the trial court within *30 days after the date of entry of the judgment* or order appealed from." Utah R.App. P. 4(a) (emphasis added). In a criminal case, it is *"the sentence itself* which constitutes a final judgment from which appellant has the right to appeal." *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978) (emphasis added). Therefore, the operative date in this case is not the date of the entry of the amended findings of fact, conclusions of law, and order as Bowers argues, but rather the date of entry of sentence. Here the date of entry of sentence was December 29, 2000. Thus, Bowers had 30 days after entry of his sentence, or until January 29, 2001, to file a notice of appeal with the trial court. Bowers, however, did not file notice of appeal until February 12, 2001, 45 days after entry of his sentence and 15 days after expiration of the period for filing notice of appeal. His filing of notice of appeal was untimely.

▮ ¶ 5 This court has previously recognized that the "30–day period for filing notice of appeal in a criminal case ... is jurisdictional and cannot be enlarged by this [c]ourt." *State v. Johnson,* 635 P.2d 36, 37 (Utah 1981). We have also stated that it is "axiomatic in this jurisdiction that failure to perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." *Prowswood v. Mountain Fuel Supply Co.,* 676 P.2d 952, 955 (Utah 1984). This court has no authority to extend its jurisdiction beyond the 30–day period for filing notice of appeal plainly stated in the rule. Nor does this court have power to transubstantiate an untimely notice of appeal into a timely one. Accordingly, because Bowers' filing was outside the 30–day period for filing notice of

---

**1.** The 30th day after entry of the trial court's judgment fell on January 28, 2001, a Sunday. Bowers thus had until Monday, January 29,

2001, to file notice of appeal. *See* Utah R.App. P. 22(a).

appeal, this court lacks jurisdiction over his appeal and the appeal is dismissed.

¶ 6 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Judge BILLINGS concur in Justice RUSSON's opinion.

¶ 7 Justice HOWE does not participate herein; Court of Appeals Judge JUDITH M. BILLINGS sat.