2006 UT 7

**STATE of Utah, Plaintiff and Respondent,**

v.

**Shayne E. TODD, Defendant and Petitioner.**

No. 20041012.

Supreme Court of Utah.

Jan. 27, 2006.

Mark L. Shurtleff, Att'y Gen., Kris C. Leonard, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Linda M. Jones, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 We have accepted certiorari in this case to address a narrow, albeit important, timing issue relating to filing motions for new trial and appeals after a criminal sentence has been adjudged. The detailed facts surrounding Defendant Shayne E. Todd's conviction of murder are well described in the decision of the court of appeals.[1] For our purposes, it is sufficient to note that a trial by jury resulted in a verdict of guilty on the charge of murder with which Todd had been charged. At a sentencing hearing the trial judge orally announced Todd's sentence, for which he was immediately placed in custody, where he has remained.

¶ 2 Fourteen days after the trial court announced the sentence, the written sentencing order was officially entered by the clerk of the court in the record. During this fourteen-day period, Todd had filed a motion seeking a new trial under rule 24(c) of the Utah Rules of Criminal Procedure, which in part requires that a "motion for a new trial shall be made within 10 days after imposition of sentence."

¶ 3 Months later, the trial court denied the motion for new trial, and Todd filed a notice of appeal. Since rule 4(b) of the Utah Rules of Appellate Procedure establishes that the timely filing of a motion for new trial under rule 24 tolls the running of the time for filing a notice of appeal, if Todd's motion for new trial had been timely filed in the first place, then his notice of appeal would be timely as well.

---

1. *State v. Todd,* 2004 UT App 266, 98 P.3d 46.

¶ 4 In response to the appeal, the State took the position that Todd's motion for new trial was not timely. Specifically, the State believes that the language of the applicable rules of criminal procedure and the proper interpretation of prior cases from Utah appellate courts deem the day upon which the written sentencing order is entered in the court record as the reference date, the date of "imposition of sentence," after which such a motion may be timely filed. The State's position on Todd's motion is that since the motion was filed after the oral announcement of his sentence by the trial judge, but before the eventual entry of the written sentencing order in the court file, the motion was premature. A premature motion is untimely, and untimely is void, therefore the time for filing an appeal was not tolled, and ultimately the notice of appeal was untimely as a consequence. This, according to the State's theory, deprives the appellate courts of jurisdiction to entertain the appeal.

¶ 5 The court of appeals agreed, and dismissed the appeal as untimely filed, thereby lacking in the capacity to vest jurisdiction to hear the appeal in the court of appeals. Todd sought our review of this point, and we granted the petition for certiorari to review the narrow question of whether the oral announcement of the sentence is legally equivalent to the "imposition of sentence" contemplated in rule 24. We conclude that it is.

¶ 6 In defense of the decision of the court of appeals, we acknowledge that this is a question not previously addressed by us, and not entirely clear from the language of our rules. However, since the purpose of certiorari review is to correct just such misimpressions when they arise, we take this opportunity not so much to correct the court of appeals, but to correct the inartful result of our own work.

¶ 7 In the rules of criminal procedure, we have used "impose sentence" and "imposition of sentence" only one time each. Rule 22 requires the court to "impose sentence" and to "enter a judgment of conviction." Rule 24(c), under which this difficulty has arisen, mandates that a "motion for a new trial shall be made within 10 days after imposition of sentence." Rule 22 certainly seems to contemplate that imposing sentence and entering the written judgment of conviction are two distinct actions. If so, only the oral announcement of the sentence is available to qualify as the act of imposing sentence.

¶ 8 Both parties concede that what is most important is that the rules be understood, and applied, with clarity and consistency. It is not so important *when* the ten-day window for filing a motion for new trial begins to run, as it is that the defendant, the court, the state, and others be *able to determine* when it begins. Both oral announcement of the sentence to the defendant and filing of the written sentencing order would fulfill this need for certainty. However, of the two, the defendant is much more likely to be immediately aware of the precise date of the oral announcement of the sentence than that of the filing date of the document. As such, we conclude that the date of the oral announcement of the sentence to the defendant is the date of imposition of sentence for all purposes.[2]

¶ 9 The decision of the court of appeals is reversed, and the matter is remanded for consideration of the Defendant's appeal on its merits.

¶ 10 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

---

**2.** In the event that the sentencing decision is first relayed to the defendant by some other means, such as in writing for a hearing impaired defendant, the date upon which the court first gives such formal notice of the sentencing decision to the defendant is the date of imposition of sentence.