2009 UT App 251

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kendall Rosell SWENSON, Defendant and Appellant.**

No. 20080243–CA.

Court of Appeals of Utah.

Sept. 11, 2009.

David M. Perry, Logan, for Appellant.

Mark L. Shurtleff, atty. gen., and Jeanne B. Inouye, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., BENCH and DAVIS, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendant Kendall Rosell Swenson appeals his conviction of two counts of burglary, two counts of criminal mischief, one count of theft, two counts of theft by receiving stolen property, and one count of possession of burglary tools. He appeals, arguing that the trial court erred by (1) failing to suppress evidence and (2) denying a motion to dismiss for lack of jurisdiction because of the applicability of the Interstate Agreement on Detainers. We dismiss for lack of jurisdiction on the basis that Defendant did not timely file his notice of appeal.

## BACKGROUND

¶ 2 Defendant was convicted of theft and related offenses in October 2006.[1] The jury returned a verdict that identified the eighth count as "Guilty of Theft by Receiving Stolen Property, a class B misdemeanor." The trial court accepted the jury's verdict and read it aloud. On March 14, 2007, the trial court entered "Minutes—Sentence, Judgment, Commitment," (the March 14 order) incorrectly listing the eighth count as a third degree felony and entering the corresponding third-degree felony prison sentence and fine, rather than the term and fine for a class B misdemeanor. Defendant filed a pro se notice of appeal on April 20, 2007 that did not refer to the error in the March 14 order.

¶ 3 On July 30, 2007, the trial court entered an "Addendum to Sentence, Judgment, Commitment" (the July 30 order), in which the trial court noted that Defendant had a pending federal case, or was on federal parole but that the trial court was not aware of the details, and stated its intention that Defendant's sentence should run concurrently with any federal charges. On August 15, 2007, Defendant filed an amended notice of appeal, appealing from the July 30 order. On November 1, 2007, this court dismissed Defendant's appeal for lack of jurisdiction, *see State v. Swenson*, 2007 UT App 359U, 2007 WL 3197536 (mem.) (per curiam), noting that Defendant had only thirty days from March 14 to file his notice of appeal, *see id.* para. 3. We determined that Defendant's notice of appeal filed April 20 was untimely under rule 4 of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 4(a), and that the July 30 order did not restart the time for appeal because it "did not constitute a material change" in the judgment, but was merely a clarification. *See Swenson*, 2007 UT App 359U, para. 5.

¶ 4 On February 12, 2008, the trial court entered "Amended Minutes–Sentence, Judgment, Commitment" (the February 12 amended order). There, the trial court corrected its original entry of conviction of the eighth count from a third degree felony to a class B misdemeanor. The trial court also reduced the fine surcharge on the conviction from the maximum allowable amount for a

---

1. Given our disposition of this case it is not necessary to describe the circumstances of the criminal acts.

third degree felony to the maximum allowable amount for a class B misdemeanor. On March 11, 2008, Defendant filed another notice of appeal. We now address whether we have jurisdiction to review Defendant's claims.

## ANALYSIS

¶ 5 The threshold issue before us is whether Defendant's notice of appeal was timely filed. "[W]e cannot take jurisdiction over an untimely appeal. In fact, when a matter is outside the court's jurisdiction it retains only the authority to dismiss the action." *Nielson v. Gurley*, 888 P.2d 130, 132 (Utah Ct.App.1994) (citation and internal quotation marks omitted).

¶ 6 Generally, notices of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). In Defendant's first appeal, we cited the well-settled rule governing the enlargement of time following amended judgments:

> "[W]here a belated entry merely constitutes an amendment or modification not changing the substance or character of the judgment, such entry is merely a nunc pro tunc entry which relates back to the time the original judgment was entered, and does not enlarge the time for appeal; but where the modification or amendment is in some material matter, the time begins to run from the time of the modification or amendment."

*Swenson*, 2007 UT App 359U at para. 4 (alteration in original) (quoting *State v. Garner*, 2005 UT 6, ¶ 11, 106 P.3d 729). Thus, the legal question before us is whether the February 12 amended order constituted a material change. If it did, Defendant's notice of appeal was timely filed; if it did not, Defendant's notice was untimely and we do not have jurisdiction to address Defendant's appeal.

¶ 7 In *State v. Garner*, 2005 UT 6, 106 P.3d 729, the Utah Supreme Court was presented with a similar question. In *Garner*, after the defendant entered a conditional guilty plea, the trial court sentenced the defendant to prison and ordered restitution. *See id.* ¶ 2.

The order subsequently entered stated: " 'CONDITIONAL GUILTY PLEA' entered conditioned on being able to appeal detainer motion to dismiss." *Id.* "A month later, . . . the trial court modified the judgment order to reflect more specifically the conditional nature of the plea." *Id.* Several months after this modification, the trial court again amended the order, setting the amount of restitution. *See id.* ¶ 3. The supreme court determined that neither of these modifications was material, *see id.* ¶¶ 12, 17, because the first "was a redundant addition, not a material change," *id.* ¶ 13, and the second "d[id] not 'chang[e] the substance or character of the judgment,' " *id.* ¶ 17 (second alteration in original) (quoting *Nielson*, 888 P.2d at 132 (Utah Ct.App.1994)). *Garner* cited *Nielson v. Gurley*, 888 P.2d 130 (Utah Ct.App. 1994), which explained that where a modification or amendment is "purely clerical in nature," "not of sufficient importance to change the character of the judgment," or "did not affect any substantive rights running to the litigants," then "the effect of the amendment did not create a new judgment for purposes of determining the timeliness of appeal." *Id.* at 133.

¶ 8 The State also cites *United States v. Diaz*, 190 F.3d 1247 (11th Cir.1999), an Eleventh Circuit case where the trial court incorrectly signed a judgment for "conspiracy to possess with intent to distribute" cocaine when the defendant was actually charged and convicted of "conspiracy to distribute" cocaine. *Id.* at 1251. The Eleventh Circuit determined this was merely a clerical error because, among other reasons, "there was no apparent confusion as far as the jury was concerned," *id.* at 1252, and "[the error] really did not make any difference," *id.* at 1253.

¶ 9 Here, Defendant's sentence was not materially changed; the modifications simply brought the sentence into conformity with the jury's verdict. Indeed, the March 14 order, as entered, was illegal because the sentence for Defendant's eighth count was "beyond the authorized statutory range." *State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854. "The [trial] court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim.

P. 22(e). Furthermore, the correction was in Defendant's favor, because it reduced his sentence and fine, and thus we cannot say that his rights were adversely affected.

¶ 10 We conclude that the February 12 amended order was not a material change but was merely a correction of a clerical error and thus did not enlarge the time for appeal. *See Nielson,* 888 P.2d at 133. Accordingly, Defendant's notice of appeal was not timely filed, and we do not have jurisdiction over the appeal.

¶ 11 Dismissed.

¶ 12 WE CONCUR: RUSSELL W. BENCH and JAMES Z. DAVIS, Judges.