2011 UT App 121

**Kenneth L. THOMPSON, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20110106–CA.

Court of Appeals of Utah.

April 21, 2011.

Kenneth L. Thompson, Draper, Appellant Pro Se.

Before Judges ORME, ROTH, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Kenneth L. Thompson seeks to appeal the trial court's dismissal of his postconviction petition. This is before the court on its own motion for summary disposition based on lack of jurisdiction due to an untimely filed notice of appeal.

¶ 2 Pursuant to rule 4 of the Utah Rules of Appellate Procedure, a notice of appeal must be filed within thirty days after the entry of the order appealed. *See* Utah R.App. P. 4(a). This time period is jurisdictional. *See State v. Bowers,* 2002 UT 100, ¶ 5, 57 P.3d 1065. The failure to file a timely notice of appeal is a jurisdictional failure that requires dismissal. *See id.*

¶ 3 The trial court dismissed Thompson's petition in April 2009. Thompson's notice of appeal was filed in January 2011. His notice of appeal was not filed within thirty days after the entry of the trial court's order. As

a result, this court lacks jurisdiction over his appeal and must dismiss it.[1] *See id.*

¶ 4 Dismissed.

---

1. Thompson asserts that this court granted a waiver of the time period to file an appeal by a letter dated February 2, 2011. He has misconstrued the letter, which merely notified him of the receipt of his notice of appeal and the opening of the case. Once an appeal is filed, it is this court's initial inquiry to determine whether this court has jurisdiction over the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). Here, that inquiry revealed that Thompson's notice was untimely and that this court therefore lacked jurisdiction to consider the merits of the appeal.