2011 UT App 158

**STATE of Utah, Plaintiff and Appellee,**

v.

**Trevor R. GRANT, Defendant and Appellant.**

**No. 20100464–CA.**

Court of Appeals of Utah.

May 12, 2011.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Defendant Trevor R. Grant appeals the sentence on his conviction of Attempted Aggravated Sexual Abuse of a Child, a first degree felony. This case is before the court on the State of Utah's motion for summary dismissal of the appeal.

¶ 2 On April 13, 2010, the district court orally sentenced Grant to serve a prison term of three years to life and advised him that if he wished to appeal, he must do so within thirty days. The court filed an unsigned Minutes—Sentence, Judgment, Commitment in the record on April 13. Also on April 13, the district court signed a form captioned Sentence, which included a statement of the conviction and the prison sentence. The Sentence document was entered into the record on April 14, 2010. On April 13, the district court also signed a Judgment and Commitment to the Utah State Prison, which stated that Grant pleaded guilty to Aggravated Sexual Abuse of a Child and was "sentenced to the Utah State Prison for an indeterminate term of 3 years to life to be served immediately."[1] The Judgment and Commitment to the Utah State Prison was entered in the record on April 16, 2010. On May 7, 2010, the district court entered a document captioned Minutes—Sentence, Judgment, Commitment, which had been signed by the district court on May 5, 2010. This document is identical to the unsigned Minutes—Sentence, Judgment, Commitment filed on April 13, 2010. It included the names of the attorneys present, recited the charge, the fact of conviction, and the sentence. It also stated that the commitment was to begin

---

1. Neither party notes an apparent clerical error in the documents prepared by the court, all of which omit "attempted" in stating the offense. At sentencing, the district court and both counsel clarified that, as a result of the plea negotiation, Grant pleaded guilty to Attempted Aggravated Sexual Abuse of a Child, a first degree felony that was not subject to the statutory minimum mandatory prison sentence of fifteen years to life applicable to a conviction of Aggravated Sexual Abuse of a Child. Accordingly, Grant was sentenced to an indeterminate prison term of three years to life.

immediately and directed the Davis County Sheriff that the defendant "is remanded to your custody for transportation to the Utah State Prison where the defendant will be confined." Grant filed a notice of appeal from the Minutes—Sentence, Judgment, Commitment signed on May 5, 2010, and entered on May 7, 2010. Grant's notice of appeal was filed more than thirty days after the date of sentencing on April 13, 2010, and the dates of entry of the Sentence on April 14, 2010, and the Judgment and Commitment to the Utah State Prison on April 16, 2010. It was filed within thirty days of the May 7, 2010 entry of the signed Minutes—Sentence, Judgment, Commitment.

■ ¶ 3 The State argues that Grant's notice of appeal is untimely because it was not filed within thirty days of the announcement of sentence on April 13, 2010, arguing that "[i]n a criminal case, it is the sentence itself which constitutes a final judgment from which the appellant has the right to appeal." *State v. Bowers,* 2002 UT 100, ¶ 5, 57 P.3d 1065. The State's literal argument fails to take into account the requirement of rule 4(a) of the Utah Rules of Appellate Procedure that a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). Even *State v. Bowers,* 2002 UT 100, 57 P.3d 1065, calculated the appeal time from the date of entry of the signed judgment containing the sentence, not the date on which sentence was orally announced. *See id.* ¶ 3. Similarly, in the context of determining the time for filing a motion for new trial, the Utah Supreme Court made a distinction between the imposition of sentence and the entry of a sentencing order in *State v. Todd,* 2006 UT 7, 128 P.3d 1199. The specific issue considered in *Todd* was whether a motion for new trial that was filed after the oral announcement of the sentence, but before the entry of the written sentencing order, was timely and operated to extend the time for appeal. The supreme court stated,

> In the rules of criminal procedure, we have used "impose sentence" and "imposition of sentence" only one time each. Rule 22 requires the court to "impose sentence" and to "enter a judgment of conviction."

Rule 24(c) [of the Utah Rules of Criminal Procedure], under which this difficulty has arisen, mandates that a "motion for new trial shall be made within 10 days after imposition of sentence." Rule 22 certainly seems to contemplate that imposing sentence and entering the written judgment of conviction are two distinct actions. If so, only the oral announcement of the sentence is available to qualify as the act of imposing sentence.

*Id.* ¶ 7. Because the supreme court held that the date of the oral announcement of sentence was the "date of imposition of sentence for all purposes," *id.* ¶ 8, it follows that the entry of the judgment of conviction occurs when the signed judgment is entered into the record. A judgment is entered when it is signed by the judge and filed by the clerk of court. *See* Utah R. Civ. P. 58A(c). To the extent that the State suggests in this case that the oral imposition of sentence, rather than the entry of a signed judgment containing the sentence, is the final judgment for purposes of appeal, the State's position conflicts with the requirements of rule 4(a) of the Utah Rules of Appellate Procedure.

■ ¶ 4 The issue presented by the State's motion to dismiss this appeal is which of the documents signed and entered by the district court commenced the running of the time to appeal. Rule 22(c)(1) of the Utah Rules of Criminal Procedure provides,

> Upon a verdict or plea of guilty or plea of no contest, the court shall impose sentence and *shall enter a judgment of conviction which shall include the plea or the verdict, if any, and the sentence.* Following imposition of sentence, the court shall advise the defendant of defendant's right to appeal and the time within which any appeal shall be filed.

Utah R.Crim. P. 22(c)(1) (emphasis added). In addition, rule 22(d) of the Utah Rules of Criminal Procedure states, in part, "When a jail or prison sentence is imposed, the court shall issue its commitment setting forth the sentence." *Id.* R. 22(d).

¶ 5 Case law from the Utah Supreme Court and this court has considered the effect of modified judgments on the time for appeal. In *State v. Garner,* 2005 UT 6, 106

P.3d 729, the district court entered a judgment containing the sentence and stating that the defendant had entered a conditional guilty plea. *See id.* ¶ 2. One month later, the district court modified the judgment to more specifically reflect the conditional nature of the guilty plea. *See id.* The defendant filed a notice of appeal within thirty days from the date on which the modified judgment was entered. *See id.* The Utah Supreme Court stated that the rule governing amended judgments was clear:

> [W]here a belated entry merely constitutes an amendment or modification not changing the substance or character of the judgment, such entry is merely a nunc pro tunc entry which relates back to the time the *original* judgment was entered, and does not enlarge the time for appeal; but where the modification or amendment is in some material matter, the time begins to run from the time of the modification or amendment.

*Id.* ¶ 11. The supreme court held that the modification to clarify the conditional nature of the guilty plea was not a material change because the original judgment already showed the conditional nature of the plea and "the later addition to the order further referencing that fact was a redundant addition, not a material change." *Id.* ¶ 13. Accordingly, the time for appeal commenced to run from the original judgment containing the sentence. Similarly, in *State v. Swenson*, 2009 UT App 251, 220 P.3d 168, this court considered whether or not the "Amended Minutes—Sentence, Judgment, Commitment," which corrected the "original entry of conviction of the eighth count from a third degree felony to a class B misdemeanor" and made corresponding reductions to the sentence and fine, constituted a material modification that operated to extend the time for appeal. *Id.* ¶ 4. We concluded "that the . . . amended order was not a material change

but was merely a correction of a clerical error and thus did not enlarge the time for appeal." *Id.* ¶ 10.

¶ 6 The Judgment and Commitment to the Utah State Prison entered on April 16, 2010, was the final, appealable judgment that commenced the running of the time for appeal. It stated the charge, the fact that Grant had pleaded guilty, and the sentence imposed and therefore satisfied the requirements of rule 22(c)(1) and (d) of the Utah Rules of Criminal Procedure. The Minutes—Judgment, Sentence, Commitment entered on May 7, 2010, did not change the substance or character of the judgment, was not a material modification, and did not extend the time for appeal. *See Garner*, 2005 UT 6, ¶ 11, 106 P.3d 729. The notice of appeal was untimely because it was not filed within thirty days of the entry of the Judgment and Commitment to the Utah State Prison, and we lack jurisdiction over this appeal.[2] Accordingly, we dismiss the appeal.

**2.** We note that the practice of the district court in preparing multiple documents incorporating the sentence and entering those documents over a period of days or weeks may create confusion and a possibility that a defendant will be misled about the time for appeal. That practice would best be avoided in the future. Furthermore, the format of the document captioned "Minutes—Judgment, Sentence, Commitment" is a frequent-

ly used format for final judgments in criminal cases. Accordingly, Grant may be entitled to a remedy under *Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628, upon an appropriate motion to the district court under rule 4(f) of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 4(f) (containing provisions adopted to implement the *Manning* holding and procedure).