2011 UT App 249

**STATE of Utah, Plaintiff and Appellee,**

v.

**Curtis J. BAUM, Defendant and Appellant.**

**No. 20100607–CA.**

Court of Appeals of Utah.

July 29, 2011.

J. Bryan Jackson, Cedar City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Curtis J. Baum filed a notice of appeal from the denial of his motion to recuse the trial judge in his criminal case. This is before the court on the State's motion for summary disposition asserting that this court lacks jurisdiction.

¶ 2 In July 2010, Baum filed a pro se notice of appeal seeking to appeal the denial of his motion to recuse. Generally, appeals may be taken only from final orders or judgments. *See* Utah R.App. P. 3(a); *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. An order is final where it disposes of the subject matter of the case between the parties. *See Bradbury*, 2000 UT 50, ¶ 9, 5 P.3d 649. In a criminal case, the sentence constitutes the final order from which to appeal. *See State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065.

¶ 3 Here, the order appealed was merely an interlocutory order. The substance of the case remained after Baum's notice of appeal was filed. Indeed, he had not yet gone to trial. Accordingly, the notice of appeal did not confer jurisdiction on this court. *See Bradbury*, 2000 UT 50, ¶ 8, 5 P.3d 649 ("Where an appeal is not properly taken, this court lacks jurisdiction").

¶ 4 Furthermore, although Baum now seeks to challenge his conviction and sentence, this court lacks jurisdiction over those issues because there was no notice of appeal filed after the final order had been entered. Here, Baum's sentence constitutes the final order from which to appeal. *See Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065. Baum failed to appeal this final order.

¶ 5 The only notice of appeal filed in Baum's case is the improper notice of appeal from an interlocutory order. That notice cannot be construed to be a notice of appeal from Baum's sentence. A notice of appeal must "designate the judgment or order, or part thereof, appealed from." Utah R.App. P. 3(d). "This requirement is jurisdictional because the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *State v. Valdovinos*, 2003 UT App 432, ¶ 16, 82 P.3d 1167. The notice here identifies a specific interlocutory order that was entered prior to trial. It does not extend to the final order by its terms or timing. Because there is no timely notice of appeal from Baum's sentence, this court

lacks jurisdiction.[1] *See Bradbury*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 6 Dismissed.

---

1. Baum may seek relief under rule 4(f) of the Utah Rules of Appellate Procedure.