2011 UT App 276

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph Lee APADACA, Defendant and Appellant.**

No. 20110123–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Joseph Lee Apadaca appeals his plea-based conviction for robbery. This matter is before the court on its sua sponte motion for summary disposition.

¶ 2 A notice of appeal must be filed "with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Utah R.App. P. 4(a). "In a criminal case, it is 'the sentence itself which constitutes a final judgment from which the appellant has the right to appeal.' " *State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 (quoting *State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978)). If an appeal is not timely filed, this court lacks jurisdiction to hear the

appeal and must dismiss. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 3 Apadaca was originally sentenced on August 30, 2010. Apadaca was then resentenced on December 13, 2010, in response to the State's Motion to Correct Plea of Guilty and Resentence. Apadaca filed a motion to withdraw his guilty plea on January 5, 2011, which was denied on January 24, 2011. Such a motion does not extend the time to appeal in a criminal case. *See* Utah R.App. P. 4(b)(1) (setting forth post-judgment motions that extend the time to file a notice of appeal). Apadaca did not file a notice of appeal until February 8, 2011. While the notice of appeal was timely filed as to the denial of the motion to withdraw the guilty plea, it was untimely as to the sentence. Accordingly, this court has jurisdiction to review the district court's order denying Apadaca's motion to withdraw the guilty plea but lacks jurisdiction to review any issues relating to the underlying judgment. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989) (stating that when this court lacks jurisdiction to hear an appeal it must dismiss it).

¶ 4 The district court correctly denied Apadaca's motion to withdraw his guilty plea as untimely. In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008). "Failure to withdraw a guilty plea within the time frame dictated by section 77–13–6 deprives [both] the trial court and appellate courts of jurisdiction to review the validity of the plea." *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344. This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046. Thus,

because Apadaca filed his motion after the sentence was announced, the district court did not have jurisdiction to consider the motion.[1]

¶ 5 Accordingly, we affirm.

---

1. Apadaca claims that a prior motion to withdraw his guilty plea, which was filed after entry of the original sentence and resolved prior to the State filing its motion to resentence, should be construed as a timely motion that can be reviewed by the court. However, as explained above, because Apadaca failed to file a timely notice of appeal after entry of the resentencing order, this court is without jurisdiction to consider the issue. To the extent that Apadaca may claim that he was deprived of his right to appeal the case because he had no counsel at the time the district court entered its order resentencing him, he may seek to restore his right to a direct appeal pursuant to the requirements of *Manning v. State*, 2005 UT 61, 122 P.3d 628. *See id.* ¶ 31, ("the trial or sentencing court may reinstate the time frame for filing a direct appeal where the defendant can prove ... that he has been unconstitutionally deprived, through no fault of his own, of his right to appeal"); *see also* Utah R.App. P. 4(f).