IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20111100-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 1, 2012) |
| Gregory Floyd Clendenin, | ) | |
| | ) | 2012 UT App 64 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Fillmore Department, 111700134
The Honorable James M. Brady

Attorneys:     Tate W. Bennett, Fillmore, for Appellant
               Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee

-----

Before Judges Davis, Thorne, and Christiansen.

¶1     Gregory Floyd Clendenin seeks to appeal his conviction of possession of a weapon in a correctional facility. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction because there is no final, appealable order.

¶2     This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (citation and internal quotation marks omitted). "In a criminal case, it is 'the sentence itself which constitutes a final judgment from which the appellant has the right to appeal.'" *State v.*

*Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 (quoting *State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978)).

¶3     Clendenin was convicted by a jury of possession of a weapon in a correctional facility on November 16, 2011. However, Clendenin has not yet been sentenced. Accordingly, there is no final, appealable order, and we lack jurisdiction over the appeal. *See id.* When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo*, 2001 UT 97, ¶ 11.

¶4     The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.

_____
James Z. Davis, Judge

_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge