**2013 UT App 16**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

DALE STEVENS,

*Defendant and Appellant.*

Per Curiam Decision
No. 20100756-CA
Filed January 25, 2013

Eighth District, Vernal Department
The Honorable John R. Anderson
No. 081800288

Ryan B. Evershed, Attorney for Appellant
John E. Swallow and Brent A. Burnett, Attorneys for Appellee

Before JUDGES MCHUGH, VOROS, and ROTH.

PER CURIAM:

¶1     Dale Stevens seeks to appeal the trial court's June 2010 ruling requiring that the State clean or replace the hard drive on Stevens's computer before returning it to him. We dismiss the appeal for lack of jurisdiction.

¶2     Stevens was convicted on one charge of obstruction of justice after a jury trial in February 2010. He was sentenced in April 2010. In May 2010, Stevens filed a pro se notice of appeal, stating that the trial had been held in February and the matter was ripe for appeal. The notice identified his criminal conviction as the subject

of the appeal, and the notice was timely filed after sentencing. Accordingly, the notice of appeal was sufficient to attach this court's jurisdiction to review Stevens's conviction and sentence. *See State v. Bowers*, 2002 UT 100, ¶ 5, 57 P.3d 1065 (noting that the sentence is the final order from which to appeal in a criminal case).

¶3      However, in his brief on appeal, Stevens does not challenge his conviction or sentence. Rather, he attempts to challenge the trial court's later ruling that the hard drive in his computer, which was seized as evidence, must be cleaned or replaced prior to its return. This issue is not within the scope of this appeal.

¶4      A notice of appeal must designate the judgment or order from which the appeal is taken. *See* Utah R. App. P. 3(d). "This requirement is jurisdictional because the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *In re B.B.*, 2002 UT App 82, ¶ 9, 45 P.3d 527. The notice of appeal in this case clearly targeted Stevens's conviction and was effective only as to the conviction and sentence.

¶5      Indeed, the ruling now challenged on appeal was not yet made at the time the notice of appeal was filed. The issue of the return of the computer was raised at sentencing, and the trial court set the matter for an evidentiary hearing. There was no announced ruling regarding the computer at the sentencing hearing, so this issue does not come within the scope of either the notice of appeal or the savings provision of rule 4(c) of the Utah Rules of Appellate Procedure. *See* Utah R. App. P. 4(c) (providing that a notice of appeal filed after the announcement of a decision but before the entry of a formal order "shall be treated as filed after such entry and on the day thereof").

¶6      In sum, the notice of appeal was timely filed from a final order in a criminal case and invoked this court's jurisdiction to consider an appeal of the conviction or sentence. However, the

issue raised is beyond the scope of this appeal and this court lacks jurisdiction to address it.

¶7     Dismissed.

————