**2015 UT App 212**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JOSEPH LEE APADACA,
Defendant and Appellant.

Memorandum Decision
No. 20140008-CA
Filed August 20, 2015

Second District Court, Farmington Department
The Honorable Michael G. Allphin
The Honorable John R. Morris[1]
No. 071701297

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGE STEPHEN L. ROTH concurred. JUDGE JAMES Z. DAVIS
concurred in the result.

TOOMEY, Judge:

¶1     Joseph Lee Apadaca raises two issues on appeal. First, he
appeals from his sentence on the ground that he was denied the
right to allocute at his sentencing hearing. Because we conclude
that his sentence was not imposed in an illegal manner, we lack
jurisdiction to consider his allocution claims and dismiss them.
Second, Apadaca challenges the trial court's denial of his motion

---

1. Although Judge Allphin accepted Apadaca's guilty pleas,
Judge Morris sentenced him. Judge Allphin later dismissed one
guilty plea and amended the sentencing order.

to reinstate the time to appeal the court's dismissal of his robbery conviction and sentence. On this issue, we affirm.

¶2 Apadaca was charged with two counts of aggravated robbery, first-degree felonies, and possession of a firearm by a restricted person, a third-degree felony, for committing two robberies—the Kim's Fashions robbery and the Baskin Robbins robbery. During his jury trial, defense counsel moved for a mistrial based on allegations of prosecutorial misconduct. Further discussions revealed the prosecutor met with the witnesses of the Kim's Fashions robbery in preparation for trial, and instead of using an array of photographs or a line-up, the prosecutor showed one of the witnesses a single photograph of Apadaca. Then, when the witness testified at trial that he had never seen Apadaca's photograph, the prosecutor made no attempt to correct the record. The prosecutor also showed Apadaca's photograph to a Baskin Robbins robbery eyewitness, but only after she identified him in a pretrial hearing. *See generally Larsen v. Davis County*, 2014 UT App 74, ¶¶ 2–3, 324 P.3d 641 (providing further background regarding the prosecutor's misconduct in Apadaca's case). Because the court concluded the jury had been "sufficiently tainted" to make it "impossible . . . to go forward with this particular jury," it granted Apadaca's mistrial motion.

¶3 Defense counsel then proposed a plea deal under which Apadaca would plead guilty to two second-degree-felony robbery charges in exchange for the State's dismissal of the remaining felony possession of a firearm charge and two other unrelated cases pending against him. The State accepted this deal, agreed to recommend concurrent sentencing, and agreed that Apadaca would have an hour-long contact visit with his family. In his plea affidavit, Apadaca waived several constitutional rights, including his right to appeal his conviction. He also acknowledged he was subject to the maximum potential penalty of fifteen years for each robbery and he conceded that if

he wished to withdraw his guilty pleas, he had to do so before sentencing.

¶4    A new judge presided at the sentencing hearing. He stated he had been "brought up to speed" on Apadaca's case. Then he asked defense counsel, "Anything else I need to know?" Counsel responded, "No your honor, just to reiterate for Mr. Apadaca's satisfaction that the two matters would be run concurrent[ly]." The court sentenced Apadaca to two concurrent one-to-fifteen year prison terms and recommended that these terms also run concurrently with his out-of-state prison sentence.[2] Twenty-two days after sentencing, Apadaca moved to withdraw his guilty plea, but the court denied the motion as untimely. *See* Utah Code Ann. § 77-13-6 (LexisNexis 2012).

¶5    Nearly three months after sentencing, the State moved the court to dismiss Apadaca's conviction for the Kim's Fashions robbery and "then correct the record of sentence to reflect imposition of one, 1-15 year sentence." In the motion, the State noted that the Kim's Fashions robbery eyewitnesses' testimonies were "so tainted by the actions of the prosecutor in that case that any attempt to retry the defendant on that count would not have been done in good-faith." It also explained that the motion to dismiss Apadaca's plea-based conviction and sentence was an "act[] in the interest of justice" and the State did "not presuppose that the defendant entered his plea involuntarily or unknowingly." The court granted the State's motion without Apadaca or his counsel present, and dismissed the Kim's Fashions robbery conviction. Consistent with this, the court made Apadaca's sentence reflect only the sentence for the Baskin Robbins robbery—his only remaining conviction.

---

2. Apadaca was (and is still) serving a life sentence in Idaho for multiple crimes including robbery and kidnapping.

¶6     In response to the court's order, Apadaca filed another unsuccessful motion to withdraw his plea. After that, Apadaca appealed. In a per curiam decision, this court affirmed the trial court's decision. *See State v. Apadaca*, 2011 UT App 276, ¶ 4, 261 P.3d 104 (per curiam). We explained that although Apadaca's appeal was timely to challenge the denial of his second motion to withdraw his guilty plea, it was not timely to challenge his sentence. *Id.* ¶ 3. Accordingly, we concluded that we lacked jurisdiction to review "any issues relating to the underlying judgment." *Id.* ¶¶ 3–4.

¶7     Apadaca subsequently moved to reinstate the time to appeal the court's decision to dismiss his conviction and sentence pursuant to *Manning v. State*, 2005 UT 61, 122 P.3d 628. Specifically, he argued the trial court deprived him of his right to appeal the court's decision to dismiss the Kim's Fashions robbery and inappropriately deprived him of "the right to counsel during the resentencing proceedings." The trial court denied Apadaca's *Manning* motion, concluding that Apadaca misconstrued the nature of the court's correction. It explained the correction "merely reflect[ed] the State's voluntary dismissal of one of the charges" and did not make "any changes to [Apadaca's] other charge, the duration of its sentence, or as to its sentence running concurrently with the prison term that [Apadaca] was serving in the State of Idaho." The court found that Apadaca had "expressly waived his right to appeal" when he signed the plea affidavit. Apadaca appeals.

## I. Allocution

¶8     Apadaca raises two arguments regarding his right to allocute at the sentencing hearing. He first argues the court erroneously deprived him of due process and the right to allocute under rule 22(a) of the Utah Rules of Criminal Procedure "by not affirmatively affording [him] the opportunity to make a statement, present any information in mitigation of

punishment, or show cause why the prison sentence should not be imposed." Apadaca next argues that his trial counsel performed ineffectively by "failing to affirmatively request that the sentencing court allow [him] to address the court." He contends this court retains jurisdiction to review these claims because courts "'may correct an illegal sentence, or a sentence imposed in an illegal manner, [at] any time.'" (Quoting Utah R. Crim. P. 22(e).) The State responds that we lack jurisdiction to analyze these issues because Apadaca did not timely appeal his original sentence and the court did not err in not affording Apadaca an opportunity to allocute. We agree.

¶9     Although we generally lack jurisdiction to consider appeals that were not filed within the "30-day period for filing notice of appeal in a criminal case," *see State v. Bowers*, 2002 UT 100, ¶ 5, 57 P.3d 1065 (citation and internal quotation marks omitted), courts "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time," Utah R. Crim. P. 22(e). The language of rule 22(e) allows an appellate court to "vacate the illegal sentence without first remanding the case to the trial court, even if the matter was never raised before." *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995). Moreover, our supreme court has previously determined "that a sentence imposed in violation of rule 22(a) of the Utah Rules of Criminal Procedure may be considered a sentence imposed in an illegal manner under rule 22(e)." *State v. Samora*, 2004 UT 79, ¶ 13, 99 P.3d 858 (internal quotation marks omitted). Thus, we consider whether Apadaca's right to allocute was violated for the limited purpose of determining whether the trial court imposed his sentence in an illegal manner.

¶10    Rule 22(a) provides, "Before imposing sentence[,] the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R. Crim. P. 22(a). "'[F]rom both the plain

language of rule 22 and the approach of other jurisdictions with similar rules, . . . the "shall afford" language requires trial courts to affirmatively provide the defense an opportunity to address the court and present reasonably reliable and relevant information in the mitigation of a sentence.'" *State v. Graziano*, 2014 UT App 186, ¶ 4, 333 P.3d 366 (omission in original) (quoting *State v. Wanosik*, 2003 UT 46, ¶ 23, 79 P.3d 937). "In order for a trial court to 'affirmatively provide' the defense an opportunity for allocution, the supreme court has instructed that a 'simple verbal invitation or question will suffice, but it is the court which is responsible for raising the matter.'" *Id.* ¶ 5 (quoting *Wanosik*, 2003 UT 46, ¶ 23). "Violations of a defendant's right to allocution usually involve situations where the court has prevented or prohibited the defendant from speaking altogether or imposed sentence in the defendant's absence." *Id.*

¶11 Here, Apadaca argues the sentencing-hearing transcript demonstrates that the trial court failed to invite or otherwise provide him with the opportunity to address the court. At the sentencing hearing, after the court acknowledged that it had "been brought up to speed," the court implicitly invited the defense to allocute by saying "Anything else I need to know?" Although the court's invitation was not specifically directed at Apadaca, in context, this "simple verbal invitation" clearly afforded the defense the opportunity to present mitigating information. *See id.* ¶¶ 5–6 (citation and internal quotation marks omitted). Trial counsel subsequently responded, "No your Honor, just to reiterate for Mr. Apadaca's satisfaction that the two matters would . . . run concurrent with each other and concurrent with his Idaho sentence." The court then asked, "Okay. Submit it?" Counsel answered, "Submit it, your Honor." Counsel responded to the court's invitation and, on behalf of Apadaca, raised his concerns regarding the sentences. "That [Apadaca] relied on defense counsel to speak on his behalf does not invalidate the court's invitation." *See id*. Accordingly, we conclude Apadaca was not denied his right to allocute under

rule 22(a) and his sentence was therefore not imposed in an illegal manner.

¶12    Because Apadaca did not challenge allocution in a timely manner and his sentence was not imposed in an illegal manner, we do not otherwise have jurisdiction to further consider his allocution claims. In a criminal case, "'it is *the sentence itself* which constitutes a final judgment from which [Apadaca] has the right to appeal.'" *State v Vaughn*, 2011 UT App 411, ¶ 10, 266 P.3d 202 (quoting *Bowers*, 2002 UT 100, ¶ 4). The "30-day period for filing notice of appeal in a criminal case . . . is jurisdictional and cannot be enlarged by this [c]ourt." *Bowers*, 2002 UT 100, ¶ 5 (alteration and omission in original) (citation and internal quotation marks omitted); *see also id.* ("[F]ailure to perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." (citation and internal quotation marks omitted)). Accordingly, "[t]his court has no authority to extend its jurisdiction beyond the 30-day period for filing notice of appeal plainly stated in the rule." *Id.*

¶13    Apadaca did not file a notice of appeal within the thirty-day deadline and he cannot revive an untimely appeal by raising those challenges in unrelated post-judgment motions. Apadaca's sentencing hearing, in which he claims his counsel performed ineffectively and the court deprived him of the right to allocute, was on August 30, 2010. Although Apadaca unsuccessfully tried to withdraw his guilty plea after sentencing, he did not appeal his sentence within thirty days. Apadaca only attempted to appeal his sentence on February 8, 2011—nearly six months after the trial court sentenced him and two months after the court dismissed one conviction and corrected the record of sentence. Accordingly, this court lacks jurisdiction over his appeal of the allocution issues.

¶14    In sum, because the court did not illegally impose Apadaca's sentence under rule 22(e) of the Utah Rules of

Criminal Procedure, we lack jurisdiction to consider Apadaca's claims related to allocution because his appeal was filed more than thirty days after the imposition of valid sentence. We therefore dismiss them.

## II. *Manning* Relief

¶15     Apadaca next argues that he is entitled to reinstatement of the time to appeal the trial court's order dismissing his Kim's Fashions robbery conviction and sentence pursuant to *Manning v. State*, 2005 UT 61, 122 P.3d 628. In particular, he argues the court erred in denying his motion to reinstate the time to appeal because he was deprived of "the right to appear and present argument" during the dismissal proceedings and was deprived of the right to appeal when the court failed to advise him of his right to appeal. The State responds that the court properly denied Apadaca's *Manning* motion because any error in the dismissal proceedings was harmless.[3] "We review the court's

---

3. The State also argues this court lacks jurisdiction to hear this issue by suggesting that Apadaca is attempting "to circumvent the requirements of the Post-Conviction Remedies Act." In particular, the State argues that because he "does not argue that a shorter sentence or probation should have been imposed on his remaining conviction for robbery," Apadaca "in fact seeks only to challenge his remaining plea-based robbery conviction" which needed to be challenged on direct appeal or in proper post-conviction proceedings. We disagree.

We conclude we have jurisdiction to review Apadaca's motion to reinstate the time to appeal because the trial court's order denying the motion provided a judgment from which Apadaca had a right to appeal. *See* Utah R. App. P. 3(a) ("An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments . . . ."). But that jurisdiction is limited to

(continued…)

legal conclusion that [Apadaca] was not unconstitutionally deprived of his right to appeal for correctness but give deference to its underlying factual findings . . . ." *State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193 (citing *State v. Hales*, 2007 UT 14, ¶ 35, 152 P.3d 321).

¶16 Reinstatement of the time to appeal under *Manning* "is appropriate only where a defendant is '*prevented* in some meaningful way from proceeding' with an appeal." *State v. Collins*, 2014 UT 61, ¶ 42, 342 P.3d 789 (quoting *Manning*, 2005 UT 61, ¶ 26). To demonstrate that the court deprived him of his right to appeal, Apadaca must show he did not waive his right either voluntarily or by "fail[ing] to file a timely notice of appeal." *See Kabor*, 2013 UT App 12, ¶ 11 (citing *Manning*, 2005 UT 61, ¶¶ 1, 35). Moreover, he must demonstrate that the court's error prejudiced him by showing that but for the court's error he would have appealed. *See Collins*, 2014 UT 61, ¶¶ 30, 42.

¶17 Because we conclude Apadaca waived his right to appeal his robbery convictions, the trial court did not err in denying Apadaca's *Manning* motion. He voluntarily waived his right to appeal the substance of his plea-based convictions when he signed the plea affidavit and again when he failed to file a timely

---

(…continued)

reviewing the challenges Apadaca could have raised against the court's order. In the order, the court dismissed Apadaca's conviction and sentence regarding the Kim's Fashions robbery and, in doing so, clarified that the record should reflect just his remaining conviction and sentence for the Baskin Robbins robbery. Accordingly, in reviewing the denial of his *Manning* motion, our review is limited to the court's decision to dismiss the Kim's Fashions robbery conviction and sentence, and we do not consider the underlying Kim's Fashions or Baskin Robbins robbery convictions or sentence.

appeal. *See Kabor*, 2013 UT App 12, ¶ 11. In particular, Apadaca's only challenges to his guilty pleas were made after sentencing and he never properly pursued post-conviction relief. *See* Utah Code Ann. § 77-13-6(2) (LexisNexis 2012) (instructing that any challenge to a guilty plea not made before sentence is announced is untimely, and any untimely challenge "shall be pursued under Title 78B, Chapter 9, Post-Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure"). Thus, because Apadaca did not timely withdraw guilty pleas, appeal his convictions, or pursue post-conviction remedies under the Post-Conviction Remedies Act in a timely manner, we conclude Apadaca voluntarily waived his right to appeal the substance of his plea-based convictions.

¶18 Even if we had determined that Apadaca did not waive his right to appeal, Apadaca fails to demonstrate that he would have appealed the dismissal of the Kim's Fashions robbery conviction and sentence if he had been properly informed. The trial court's decision benefits Apadaca by removing a second-degree felony from his record and relieves him of a one-to-fifteen year prison sentence. Indeed, Apadaca does not actually challenge the court's decision to dismiss the Kim's Fashions conviction and sentence.[4] Instead, the only harm Apadaca asserts is the inability to argue that the same reasoning utilized to dismiss the Kim's Fashions robbery conviction similarly applies to the Baskin Robbins robbery conviction. Nevertheless, he does not point to any evidence to support this, nor does he explain

---

4. Apadaca does argue the court's order dismissing the Kim's Fashions robbery is erroneous to the extent that it states he was present and "accompanied by his attorney" for the proceeding. But because Apadaca offers no legal analysis or support demonstrating the words on the order were anything more than a clerical error, we are not persuaded. *See* Utah R. App. P. 24(a)(9).

how the State's acknowledgment that prosecutorial misconduct tainted the Kim's Fashions robbery eyewitnesses would persuade the court to also dismiss the Baskin Robbins robbery. More importantly, Apadaca's assertion overlooks the fact that the court's decision did not involve the Baskin Robbins robbery conviction. His allegation of prejudice only demonstrates that if he had been informed of his right to appeal the court's dismissal, he would have tried to improperly challenge the Baskin Robbins robbery conviction, not the court's decision. Accordingly, the court did not err in denying Apadaca's *Manning* motion.

¶19    Furthermore, Apadaca asserts that his right to direct appeal was barred by being deprived of the right to appear and be represented by counsel when the trial court dismissed his conviction and sentence. Specifically, he asserts the trial court's dismissal involved judicial reasoning and decision making and suggests the court's "resentencing constituted a critical stage of the criminal proceeding" for which he was entitled to be present and represented. In his opening brief, Apadaca quotes *State v. Milligan*:

> "Thus, where an illegal sentence may be corrected without any legal analysis or further exercise of judicial discretion, and the defendant has already been afforded an opportunity to appear and defend in the original sentencing hearing, little if any purpose is served by holding yet another hearing prior to amending the sentencing order. On the other hand, where the resentencing involves more than a mere correction and a defendant's argument may influence the outcome, the defendant should be allowed an opportunity to appear before the court and defend against the amendment."

(Quoting *State v. Milligan*, 2012 UT App 47, ¶ 14, 287 P.3d 1 (citations omitted).) Then, he asserts that the court's "analysis of

the State's Motion involved more than a mere correction." In his reply brief, he repeats this same argument and he also quotes *State v. Rodrigues*, stating "'[t]he right to presence and allocution does not apply when a court considers a motion to correct a clerical error . . . so long as the [original sentencing] hearing was held in [defendant's] presence and defendant had an opportunity to speak.'" (Quoting *State v. Rodrigues*, 2009 UT 62, ¶ 40, 218 P.3d 610 (alterations and omission in the original) (citation omitted).) In each of these cases, the appellate court determined that a defendant did not have the right to be present for the correction of certain errors where the defendant had an opportunity to be present at the original sentencing and the trial court did not engage in judicial reasoning or legal analysis in its decision making. *See Rodrigues*, 2009 UT 62, ¶¶ 40–43 (concluding that a defendant does not have the right to appear when the court corrects a clerical error on the record); *Milligan*, 2012 UT App 47, ¶ 18 (concluding that a defendant does not have the right to appear when the court corrects an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure if the correction is a reduction in sentence). Apadaca was afforded the right to appear and allocute at his original sentencing. *See supra* ¶¶ 9–11. And beyond these quotes and the conclusory statements that he had a right "to appear and defend on the State's Motion," Apadaca does not explain how the court's decision to grant the State's motion involved anything more than a mere correction for which these cases have determined a defendant has no right to appear.

¶20   More importantly, any error in not allowing him to be present when the court granted the State's motion would be harmless. If he had been present, Apadaca would have been precluded from raising issues not before the court. The State's motion asked the court only to dismiss the Kim's Fashions robbery conviction, nothing else. In other words, granting the State's motion involved one decision—whether to dismiss Apadaca's Kim's Fashions robbery conviction and sentence. The

court decided to dismiss it. The court's decision benefited Apadaca in the best possible way. Because an argument for any other outcome would have left the Kim's Fashions robbery conviction intact, Apadaca has not convinced us that his presence would have influenced the outcome more favorably.

¶21　In sum, because Apadaca's sentences were not imposed in an illegal manner and we lack jurisdiction to review untimely appeals, we dismiss Apadaca's claims regarding his right to allocute at the original sentencing hearing. Moreover, even if Apadaca had not waived his right to appeal the substance of his plea-based convictions, Apadaca has failed to demonstrate that any error in the court's decision was harmful as the order Apadaca seeks to appeal only benefited him. We therefore affirm.

———————