2014 UT App 159

**STATE of Utah, Plaintiff and Appellee,**

v.

**Randy M. VAZQUEZ, Defendant and Appellant.**

**No. 20131064–CA.**

Court of Appeals of Utah.

July 3, 2014.

Samuel P. Newton, for Appellant.

Sean D. Reyes and John J. Nielson, for Appellee.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and JUDITH M. BILLINGS.[1]

## Decision

PER CURIAM:

¶ 1 Randy M. Vazquez appeals an order revoking and reinstating his probation on convictions for possession of a forged writing, a third degree felony, and attempted possession or use of a controlled substance, a class A misdemeanor. We affirm.

¶ 2 In 2012, the district court sentenced Vazquez to concurrent sentences in two cases. The district court sentenced Vazquez to a prison term of zero to five years on a third degree felony conviction but suspended the prison term and placed him on probation for thirty-six months. The court also sentenced Vazquez to serve one year in jail on a class A misdemeanor conviction but suspended that term and placed him on probation for eighteen months. In addition to standard probation terms, the court ordered Vazquez to serve 365 days in jail with an early release to the Northern Utah Community Correctional Center (NUCCC) where he was to complete programming. In August 2013, Adult Probation & Parole (AP & P) filed an affidavit alleging probation violations of failure to pay restitution and supervision fees. In September 2013, AP & P filed an affidavit alleging probation violations based upon positive drug tests for cocaine, marijuana, and methamphetamine and failure to report police contact to his parole officer. Vazquez appeared with counsel at an order to show cause hearing and admitted the allegations of both affidavits. Vazquez's counsel stated that the district court should cancel a scheduled evidentiary hearing on the violations. The district court requested an updated presentence investigation report (PSI) and set a sentencing date.

¶ 3 The PSI recommended revocation of probation and imposition of a prison sentence. The prosecutor concurred in that recommendation. Vazquez addressed the court personally and through counsel, claiming that he would have been successfully terminated from probation if he had been able to pay restitution and fees prior to his relapse. Vazquez requested revocation and reinstatement of probation for the purpose of allowing him to pay his financial obligations, arguing that he had completed the required drug treatment at the NUCCC. The district court determined that Vazquez was "entitled to one more opportunity" for probation. Accordingly, the court revoked, then reinstated, probation, requiring Vazquez to serve a year in jail with credit for time served and to satisfy conditions that included successful completion of a substance abuse program chosen by AP & P. The district court ordered that the probation would be "zero tolerance" and that Vazquez would be committed to prison if he violated any probation condition. Vazquez challenges that order.

¶ 4 After the filing of an affidavit alleging facts constituting a probation violation, a district court determines if there is probable cause to believe that a violation has occurred and, if so, sets the matter for an order to show cause hearing. Utah Code Ann. § 77–18–1(12)(b) (LexisNexis 2012). "At the hearing, the defendant shall admit or deny the allegations of the affidavit." *Id.* § 77–18–1(12)(d)(i). *"If the defendant denies the allegations of the affidavit,* the prosecuting attorney shall present evidence on the allegations." *Id.* § 77–18–1(12)(d)(ii) (emphasis added). Because Vazquez admitted the allegations, an evidentiary hearing was not necessary. Upon finding a violation of the conditions of probation, "the court may order the probation revoked, modified, continued, or that the entire probation term may commence anew." *Id.* § 77–18–1(12)(e)(ii). "If probation is revoked, the defendant shall be sentenced or the sentence previously imposed shall be executed." *Id.* § 77–18–1(12)(e)(iii).

¶ 5 Contrary to the central assertion of Vazquez's brief, the district court did not simply revoke his probation. Instead, the district court revoked and then restarted

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

probation. The State correctly notes that if probation had been revoked as Vazquez claims, the district court would have imposed the original sentences, including the prison term for the third degree felony conviction. The State also correctly states that Vazquez failed to preserve his claims that the district court erred because it did not find that his violations were willful or fully consider "the realities of drug addiction" or his substantial compliance with probation. Vazquez admitted the violations, and his request for reinstatement of probation did not preserve these issues challenging the alleged revocation of probation. In other words, Vazquez did not argue to the district court, as he seems to argue on appeal, that his relapse was not willful, essentially because he is addicted to drugs and relapses are common among addicts, even those who have successfully completed treatment.

¶ 6 Even if Vazquez had preserved his claims, he has not demonstrated error. The claim that the district court erred by failing to make a finding that the violations were willful is without merit. In *State v. Hodges,* 798 P.2d 270 (Utah Ct.App.1990), which Vazquez relies upon, we determined that the record on appeal from a probation revocation following an evidentiary hearing was inadequate to reveal the evidence relied upon by the district court and the reasons for revoking probation. *See id.* at 275. However, we stated "that written findings of fact are not necessary in every judicial probation revocation" if "the record before this court sufficiently reveals the evidence relied on and the reasons for revoking ... probation." *Id.* at 274. The record clearly demonstrates that the basis for revocation and reinstatement of probation was Vazquez's admission to the allegations in the affidavits. There was no dispute about the merits of the allegations that required examination of evidence. Because Vazquez admitted the allegations, it follows that it was not necessary to make an additional finding that the violations were willful. In addition, any alleged error in cancelling a further hearing and revoking and reinstating probation was arguably invited by Vazquez.

¶ 7 The remainder of the claims on appeal are properly characterized as challenges to the sanctions imposed for the probation violations. The district court acted within its considerable discretion in revoking, then reinstating and restarting probation, rather than following the recommendation of AP & P and the State to impose the original prison sentence. An appellate court will reverse a probation decision only when it is "clear that the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *State v. Rhodes,* 818 P.2d 1048, 1051 (Utah Ct.App.1991) (citations and internal quotation marks omitted). Because the "granting or withholding of probation involves considering intangibles of character, personality, and attitude," a district court has "complete discretion" with respect to its decision. *Id.* at 1049 (citations and internal quotation marks omitted). A court abuses its discretion only when "no reasonable [person] would take the view adopted by the trial court." *Id.* Contrary to Vazquez's assertions, the record amply demonstrates that the district court considered the "realities of drug addiction" and his level of compliance with probation conditions in granting him another opportunity for probation and requiring additional substance abuse treatment.

¶ 8 Accordingly, we affirm.