# 2015 UT App 96

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JOSHUA GENE SCHMIDT,
Defendant and Appellant.

Memorandum Decision
No. 20131124-CA
Filed April 23, 2015

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 981300443

Douglas A. Gubler, Attorney for Appellant

Sean D. Reyes, Deborah L. Bulkeley, and Jeffrey S.
Gray, Attorneys for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision,
in which JUDGES J. FREDERIC VOROS JR. and MICHELE M.
CHRISTIANSEN concurred.

PEARCE, Judge:

¶1     Defendant Joshua Gene Schmidt appeals from a district court order denying his motion to review and modify his sentence. We conclude that the district court lacked jurisdiction to entertain the motion.

¶2     In 1998, the district court accepted Defendant's guilty plea on a third-degree felony and sentenced him to an indeterminate prison term of up to five years. The court then suspended that sentence in favor of probation supervised by Adult Probation and Parole (AP&P).

¶3 In 2000, the district court issued an order for Defendant to show cause upon AP&P's allegations that Defendant had violated the terms of his probation. AP&P was unable to serve the order to show cause.

¶4 In 2005, Defendant was arrested on unrelated charges. AP&P filed an updated probation violation report and served the resulting order to show cause on Defendant. Defendant appeared before the district court and denied some of the alleged violations but admitted others. Based upon those admissions, the district court revoked Defendant's probation. The court then effectively restarted Defendant's probation by "requir[ing] that he serve a hundred days in jail to run concurrent to any time he's presently serving on any other matters" to "close this case out." *See* Utah Code Ann. § 77-18-1(12)(e)(ii) (LexisNexis Supp. 2005) ("Upon a finding that the defendant violated the conditions of probation, the court may order the probation revoked, modified, continued, or that the entire probation term commence anew."); *see also State v. Anderson*, 2009 UT 13, ¶ 15, 203 P.3d 990; *State v. Vazquez*, 2014 UT App 159, ¶ 5, 330 P.3d 760. Defendant did not appeal this ruling.

¶5 In 2013, Defendant filed a motion pursuant to rule 22(e) of the Utah Rules of Criminal Procedure, seeking to set aside the 2005 revocation of the probation resulting from his 1998 conviction and to retroactively terminate that probation at its original expiration date in December 2000. He contested "any allegation that [he] did not . . . comply with the original terms of [his] probation." Defendant claimed, "[I]n approximately summer of 2000, I was told by my probation officer that I had completed my probation all except payment of some costs/fines." Defendant stated that because he had then paid those costs and fines, he had believed that his probation had been successfully completed. Defendant noted that he had lived

at the same address since 1998 and asserted that the court or AP&P could have contacted him there at any time.

¶6     The district court conducted a hearing in October 2013 and then denied Defendant's motion to set aside his probation revocation in an extensive written ruling. Defendant timely appealed that ruling, asserting several grounds of error. In addition to responding to those assertions, the State argues that we lack jurisdiction to review the 2013 court ruling insofar as it concerns the 2005 probation revocation. Because the jurisdictional question resolves this matter, we do not analyze the other issues the parties raise.

¶7     Defendant filed his motion to review and modify his sentence under rule 22(e) of the Utah Rules of Criminal Procedure. Rule 22(e) allows a court to "correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." The district court reached the merits of Defendant's claim without considering whether it possessed jurisdiction to consider Defendant's challenge. Rule 22(e), however, did not confer jurisdiction upon the district court, because the 2005 revocation and restarting of Defendant's 1998 probation was neither a sentence nor illegal under the meaning of rule 22(e).

¶8     We first address whether rule 22(e) allows a party to challenge an order revoking probation. This court addressed a similar situation in *State v. Waterfield*, 2011 UT App 27, 248 P.3d 57. There, a defendant was sentenced to a period of incarceration and that sentence was suspended in favor of probation. One of the terms of probation required the defendant to participate in a specific substance abuse treatment program. *Id.* ¶ 5. When it became apparent that the defendant was not eligible to enter that program, the district court revoked his probation and imposed the original sentence. *Id.* The district court characterized this as "'resentencing'" in subsequent proceedings. *Id.* On appeal, we clarified that a probation revocation (and the concomitant

reinstatement of the original sentence) is not a sentencing. *Id.* We therefore held that it was error to treat the district court's decision to revoke probation as a sentence susceptible to challenge under rule 22(e). *See id.*

¶9    We see no distinction between the revocation in the case before us and the revocation in *Waterfield*. Here, Defendant's probation was revoked in 2005, and he did not appeal or otherwise challenge that decision for nearly eight years. Rule 22(e) does not provide Defendant with a mechanism to challenge that unappealed probation revocation by calling it an illegal sentence. Because a decision to revoke and restart probation does not constitute sentencing, the district court erred by entertaining Defendant's challenge to the revocation of his probation under rule 22(e).

¶10    Furthermore, neither Defendant's 1998 sentence nor the 2005 probation revocation and reinstatement can be characterized as an "illegal sentence" within the meaning of rule 22(e). The Utah Supreme Court has defined an illegal sentence as "'one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.'" *State v. Candedo*, 2010 UT 32, ¶ 12, 232 P.3d 1008 (quoting *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984).

¶11    Defendant was originally sentenced to an indeterminate term of up to five years in prison. That sentence was suspended in favor of two years of probation. After Defendant admitted to violating the terms of probation, the district court revoked probation and restarted it, ordering Defendant to spend 100 days in the Tooele County Detention Center. Defendant does not identify which of the enumerated grounds that may render a sentence illegal are present in his case. It appears that the

sentence was not ambiguous, was not contradictory, did not lack a required term, was not uncertain in substance, and was within the statutory range. *See id.*; *Waterfield*, 2011 UT App 27, ¶ 3 (noting that an illegal sentence under rule 22(e) is generally one "where the sentencing court has no jurisdiction" or "where the sentence is beyond the authorized statutory range" (citation and internal quotation marks omitted)).

¶12    Because neither Defendant's sentence nor the revocation and reinstatement of his probation constitutes an illegal sentence within the meaning of rule 22(e) of the Utah Rules of Criminal Procedure, we conclude that the district court lacked jurisdiction to consider Defendant's 2013 rule 22(e) motion. We therefore vacate the district court's ruling on that motion and remand the case to the district court with instructions to dismiss the motion for lack of jurisdiction.[1]

—————————

1. Defendant also asserts that the State stipulated to set aside and successfully terminate his probation. Defendant contends that the district court erred because stipulations between parties are binding upon district courts. The State disputes the existence of a stipulation and interprets Defendant's contention as an argument that the district court obtained jurisdiction via a stipulation between the parties. To the extent that Defendant's contention concerns jurisdiction, the State is correct that "[j]urisdiction cannot be conferred upon [a] court by stipulation." *Dixie Stockgrowers' Bank v. Washington County*, 19 P.2d 388, 389 (Utah 1933); *see also Bailey v. Sound Lab, Inc.*, 694 P.2d 1043, 1044 (Utah 1984).