**2022 UT App 2**

## THE UTAH COURT OF APPEALS

GARY SCHVANEVELDT,
Petitioner,
*v.*
SOUTH DAVIS METRO FIRE SERVICE AREA,
Respondent.

Per Curiam Opinion
No. 20210431-CA
Filed January 6, 2022

Original Proceeding in this Court

Randall K. Edwards and Jeanne D. Marshall,
Attorneys for Petitioner

Todd J. Godfrey and Jayme L. Blakesley,
Attorneys for Respondent

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1     This matter is before the court on South Davis Metro Fire
Service Area's (South Davis Fire) motion for summary
disposition based on lack of jurisdiction.

¶2     South Davis Fire is a "service area," a species of "local
district" organized pursuant to statutory authority. *See* Utah
Code Ann. §§ 17B-2a-901 to -907 (LexisNexis 2017 & Supp. 2021);
*id.* § 17B-1-102(27) (Supp. 2021). By statutory definition, a service
area is a political subdivision of the state, *see id.* § 17B-1-103(1)(a)
(Supp. 2021), and is not a state agency, *see id.* § 63G-4-103(1)(b)
(2019). South Davis Fire terminated Gary Schvaneveldt from his
position as a firefighter. The decision to terminate was made by
the Fire Chief of South Davis Fire and was then sustained, on
appeal, by an independent hearing officer retained by South

Davis Fire for the specific purpose of hearing the appeal of the decision to terminate. Schvaneveldt seeks judicial review of that decision.

¶3     South Davis Fire argues that no statute confers jurisdiction on this court to allow it to review the final decision of South Davis Fire to terminate Schvaneveldt. Utah Code section 78A-4-103(2)(a)

> defines the outermost limits of our appellate jurisdiction, allowing us to review agency decisions only when the legislature expressly authorizes a right of review. It is not a catchall provision authorizing us to review the orders of every administrative agency for which there is no statute specifically creating a right to judicial review. In the absence of such a specific statute, we have no jurisdiction.

*DeBry v. Salt Lake County Board of Appeals*, 764 P.2d 627, 627–28 (Utah Ct. App. 1988) (cleaned up). Here, Schvaneveldt can identify no statute allowing this court to review the final decision of South Davis Fire.

¶4     Schvaneveldt points us to two different statutes that he believes may confer jurisdiction upon this court, but neither statute is applicable to service areas. First, Schvaneveldt argues that the Utah Administrative Procedures Act may operate to confer jurisdiction in this court. But that statute applies only to agencies of the state. *See* Utah Code Ann. § 63G-4-102(1) (LexisNexis Supp. 2021). Agency is, in turn, defined as

> a board, commission, department, division, officer, council, office, committee, bureau, or other administrative unit of this state, including the agency head, agency employees, or other persons acting on behalf of or under the authority of the

agency head, *but does not mean* the Legislature, the courts, the governor, *any political subdivision of the state*, or any administrative unit of a political subdivision of the state.

*Id.* § 63G-4-103(1)(b) (2019) (emphasis added). South Davis is a political subdivision of the state. *See id.* § 17B-1-103(1)(a) (Supp. 2021). Thus, the Administrative Procedures Act is not applicable to this matter.

¶5      Schvaneveldt next directs our attention to a provision in the Utah Municipal Code that contains a procedure under which municipal employees can seek judicial review of adverse employment decisions. *See id.* § 10-3-1106 (2015). But this provision is of no assistance to Schvaneveldt, because he is not—and was not—a municipal employee. As South Davis Fire correctly points out, the review procedure set forth in the municipal code applies only to municipalities. *See id.* § 10-1-106 (stating that the municipal code "shall apply to all municipalities incorporated or existing under the law of the State of Utah"). And South Davis Fire, by definition, is not a municipality. *See id.* § 10-1-104(5) (Supp. 2021) (setting forth a statutory definition of "municipality" that does not include political subdivisions of the state, service areas, or special districts). Thus, this section likewise fails to provide this court jurisdiction to review South Davis Fire's decision. And because Schvaneveldt directs our attention to no other potentially helpful statute, we must conclude that there exists no statutory provision that allows us to review of the final decision of South Davis Fire.[1]

---

1. Schvaneveldt may not be completely without remedy under applicable statutes and rules. South Davis Fire suggests that Schvaneveldt could file a petition for extraordinary relief in the appropriate district court, pursuant to rule 65B(d) of the Utah

(continued…)

¶6    Faced with the absence of any applicable statute, Schvaneveldt contends that South Davis Fire should be estopped from asserting that this court lacks jurisdiction, because South Davis Fire's policy manual specifically identified section 10-3-1106 of the Utah Code and stated that its decisions were subject to the review process set forth in the Utah Municipal Code. We agree with Schvaneveldt that South Davis Fire's reference to the municipal code was unfortunate and even potentially misleading. We urge South Davis Fire to remove that reference from its manual. Nevertheless, that reference is insufficient to confer jurisdiction on this court.

¶7    It "'is a well-established rule that a court cannot acquire jurisdiction of the subject matter by estoppel.'" *Martin v. Martin*, 511 P.2d 1097, 1099 (Okla. 1973) (cleaned up) (quoting 28 Am.Jur.2d, *Estoppel and Waiver* § 73); *see also People v. Lara*, 226 P.3d 322, 330 (Cal. 2010) ("[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent."). Similarly, Utah courts have recognized that the conduct of parties cannot create jurisdiction where it otherwise would not lie. *See In re D.A.J.*, 2015 UT App 74, ¶ 6, 347 P.3d 430 (stating that "[i]t is well

---

(…continued)

Rules of Civil Procedure. *See, e.g.*, *Davis County v. Clearfield City*, 756 P.2d 704, 707 (Utah Ct. App. 1988) (stating that where there is no specific, statutorily prescribed method for judicial review of city council action, review is available by "traditional means" of extraordinary writ). We also note that this case may have identified a potential gap in Utah statutes: as this case has been presented to us, it appears that employees of state agencies and of municipalities have the benefit of established procedures for seeking administrative and eventually judicial review of adverse employment decisions, but employees of local districts may not. To the extent that this gap is unintended, it may be an appropriate subject for legislative attention.

settled that parties cannot stipulate to subject matter jurisdiction"); *State v. Schmidt*, 2015 UT App 96, ¶ 12 n.1, 348 P.3d 1206 ("Jurisdiction cannot be conferred upon a court by stipulation." (cleaned up)). Thus, the reference in South Davis Fire's policy manual to the Utah Municipal Code's review process does not create jurisdiction by estoppel.

¶8      For these reasons, we lack jurisdiction to review South Davis Fire's decision to terminate Schvaneveldt. We therefore grant South Davis Fire's motion for summary disposition and dismiss this matter for lack of jurisdiction.

———————